CITY OF MILWAUKEE, Appellant, v. WISCONSIN EMPLOYMENT RELATIONS COMMISSION, Respondent.

No. 553 (1974). Submitted on briefs February 4, 1976.—
Decided March 2, 1976.
(Also reported in 239 N. W. 2d 63.)

For the appellant the cause was submitted on the briefs of *Herbert P. Wiedemann* and *Foley & Lardner,* all of Milwaukee.

For the respondent the cause was submitted on the brief of *Bronson C. La Follette,* attorney general, and *Charles D. Hoornstra,* assistant attorney general.

A brief amicus curiae was filed by *Walter S. Davis* and *Davis, Kuelthau, Vergeront, Stover & Leichtfuss, S. C.,* all of Milwaukee, for Employers Association, Inc.

CONNOR T. HANSEN, J. This case involves the collective bargaining status of the assistant city attorneys employed by the city of Milwaukee (hereinafter city).

The Wisconsin Employment Relations Commission (hereinafter WERC) issued certification to the Association of Municipal Attorneys of Milwaukee (hereinafter

association) on August 24, 1967, recognizing that organization as the duly elected collective bargaining representative for a unit consisting of all of the attorneys employed by the city in the office of the city attorney, excluding confidential and supervisory employees. At the time that certification was issued, the statutory definition of "municipal employee" read as follows:

Sec. 111.70 (1) (b), Stats. 1967:

" 'Municipal employe' means any employe of a municipal employer except city and village policemen, sheriff's deputies, and county traffic officers."

The city appealed the certification. This court upheld the judgment of the circuit court, which had affirmed the certification issued by WERC. *Milwaukee v. Wis. Employment Relations Comm.* (1969), 43 Wis. 2d 596, 168 N. W. 2d 809.

The statutory definition of "municipal employee" was amended by ch. 124, Laws of 1971, and now reads:

Sec. 111.70 (1) (b), Stats.:

" 'Municipal employe' means any individual employed by a municipal employer other than an independent contractor, supervisor, or confidential, managerial or executive employe."

On April 17, 1973, the association filed a complaint with WERC, charging the city with certain prohibited practices pursuant to the Municipal Employment Relations Act, sec. 111.70, et seq., Stats. (hereinafter MERA). It appears this complaint is still pending before the WERC.

On May 2, 1973, the city petitioned WERC for a declaratory ruling that the attorneys in the previously certified unit were either managers or managerial trainees within the meaning of sec. 111.70 (1) (b), Stats., as amended, *supra,* and that therefore the certification issued in 1967 was null and void.

By exchange of letters addressed to WERC, attorneys for the city and the association made the following stipulations:

"(1) that the record in the 1967 case shall be considered by the commission in the resolution of the issues presented by the petition in lieu of a hearing; and

"(2) that the evidence contained in such record as to the duties and responsibilities of attorneys in the office of the city attorney shall be deemed by the commission as being evidence of the facts as they exist today, with the one exception being that, by reason of turnover and realignment, some of those duties and responsibilities are now assigned to different individuals."

On February 21, 1974, WERC issued a declaratory ruling by which it concluded that the attorneys in question were not managers within the meaning of sec. 111.70 (1) (b), Stats., *supra*. Therefore, WERC denied the city's request to declare the certification issued in 1967, to be null and void.

Pursuant to ch. 227, Stats., the city petitioned the circuit court for review of the declaratory ruling made by WERC. By judgment dated July 15, 1974, the circuit court affirmed the declaratory ruling of the WERC.

The Employers Association, Inc., has filed a brief as amicus curiae in support of the city's position.

This appeal presents the following issues:

1. Did the circuit court have jurisdiction to review the declaratory ruling made by WERC?

2. Was the declaratory ruling made by WERC affected by error of law?

*Jurisdiction of the Circuit Court.*

WERC argues that the circuit court lacked jurisdiction to review its declaratory ruling. This argument is based on the contention that the ruling was an interlocutory order, rather than a final one. It was issued in connection with an administrative proceeding, but did not terminate

that proceeding, and therefore should not be appealable. WERC urges that permitting review of such an order contravenes the policy against disruption of agency proceedings.

WERC also argues that the petition for declaratory ruling was in reality a motion to dismiss and that denial of such a motion would not have been appealable.

We are not persuaded by the arguments advanced by the WERC.

Declaratory rulings issued by administrative agencies are specifically made appealable by sec. 227.06 (1), Stats.:

". . . (1) Any agency may, on petition by any interested person, issue a declaratory ruling with respect to the applicability to any person, property or state of facts of any rule or statute enforced by it. Full opportunity for hearing shall be afforded to interested parties. A declaratory ruling shall bind the agency and all parties to the proceedings on the statement of facts alleged, unless it is altered or set aside by a court. A ruling shall be subject to review in the circuit court in the manner provided for the review of administrative decisions."

The petition was specifically made pursuant to the provisions of sec. 227.06, Stats., *supra,* which vests authority in the WERC to issue declaratory rulings. The statute does not make a requested ruling mandatory. However, here the WERC responded to the petition by issuing a ruling. This ruling involves the applicability of the provisions of sec. 111.70 (1) (b) to certain persons. The statute is enforced by WERC; therefore, the applicability of the statute is an appropriate subject matter of a declaratory ruling under sec. 227.06, *supra.* The parties are thus bound by the ruling, and it is subject to review. If the ruling had been adverse to the association, the binding nature of the ruling would have afforded to the association the opportunity for judicial review. The fact that a ruling adverse to the city in this instance did not have the effect of terminating the proceedings pending

with respect to the complaint alleging certain prohibited practices does not abrogate or eliminate the statutory right for judicial review of the declaratory ruling of the WERC.

When the WERC undertook to respond to the city's petition by issuing a declaratory ruling pursuant to sec. 227.06, Stats., *supra,* that ruling became subject to judicial review in the manner provided by statute.

### *Managerial Exclusion.*

The conflict between the parties involves the appropriate definition of the term "managerial employees" as it relates to the managerial exclusion contained in sec. 111.70 (1) (b), Stats., *supra.* The city concedes that, if the definition formulated by WERC is correct, the determination that the assistant city attorneys are not managers within the meaning of the statute is also correct.

The holding in *Milwaukee v. Wis. Employment Relations Comm., supra,* is not controlling on the determination to be made here. That case held only that WERC's interpretation of the statute, prior to its amendment, as including managerial personnel was neither without reason nor inconsistent with the purposes of the legislation, p. 602. Determination of the issue there presented did not require formulation of a definition for the term "manager," or a decision as to whether the assistant city attorneys were indeed management personnel. Therefore, those questions were not reached therein.

The construction of a statute is a question of law. *Board of Sch. Directors of Milwaukee v. WERC* (1969), 42 Wis. 2d 637, 650, 168 N. W. 2d 92. Thus, this court is not bound by the interpretation given to a statute by an administrative agency. Nevertheless, that interpretation has great bearing on the determination as to what the appropriate construction should be:

" '. . . the construction and interpretation of a statute adopted by the administrative agency charged with the duty of applying the law is entitled to great weight . . .' *Cook v. Industrial Comm.* (1966), 31 Wis. 2d 232, 240, 142 N. W. 2d 827. *See also: National Amusement Co. v. Department of Revenue, supra; Chevrolet Division, General Motors Corporation v. Industrial Comm.* (1966), 31 Wis. 2d 481, 143 N. W. 2d 532.

"This court does not independently redetermine every conclusion of law made by an administrative agency.

" '. . . If several rules, or several applications of a rule are equally consistent with the purpose of the statute, the court will accept the agency's formulation and application of the standard.' *Milwaukee Transformer Co. v. Industrial Comm.* (1964), 22 Wis. 2d 502, 510, 126 N. W. 2d 6." *Milwaukee v. Wis. Employment Relations Comm., supra,* page 601.

Although MERA defines certain employment classifications identified in sec. 111.70 (1) (b), Stats.,[1] it does not purport to define the term "managerial employee." We observe, however, that the labor relations statutes of some other jurisdictions do define the term. *See, e.g., In the Matter of Metro Sub. Bus Auth. v. Pub. Employ. Rel. Bd.* (1975), 48 A. D. 2d 206, 368 N. Y. Supp. 2d 66. A review of the legislative history of chs. 124, 247 and 307, Laws of 1971, which ultimately amended sec. 111.70 (1) (b), to specifically exclude managerial employees, reflects that several proposed definitions of the term were rejected. Thus, there is no clear legislative mandate as to an appropriate definition. This made it incumbent upon WERC to formulate a standard to be followed.

Relying upon its previous decisions, WERC in its memorandum opinion accompanying the declaratory ruling, supplied a definition in the following terms:

" 'Managerial employes, as well as supervisors, have been excluded from MERA coverage on the basis that

---

[1] *See:* Sec. 111.70 (1) (o) 1 for definition of "supervisor."

their relationship to management imbues them with interests significantly at variance with those of other employes. In that managerial employes participate in the formulation, determination and implementation of management policy, they are unique from their co-workers . . . In addition, managerial status may be related to a position's effective authority to commit the Employer's resources. Managerial employes do not necessarily possess confidential information relating to labor relations or supervisory authority over subordinate employes.' "

*See also: City of New London,* WERC Dec. No. 12170, September, 1973; *City of Milwaukee,* WERC Dec. No. 11971, July, 1973. Thus, WERC has defined managerial personnel as those who participate in the formulation, determination and implementation of management policy or possess effective authority to commit the employer's resources. Such attributes set them apart from the community of interests shared by other employees.

The city argues that this definition is too limited. It is urged that the appropriate standard is that long adhered to by the National Labor Relations Board, recently cited with approval by the Supreme Court:

". . . 'managerial employees' [are] defined as those who 'formulate and effectuate management policies by expressing and making operative the decisions of their employer,' . . ." *N. L. R. B. v. Bell Aerospace Co. Div. of Textron Inc.* (1974), 416 U. S. 267, 94 Sup. Ct. 1757, 1768, 40 L. Ed. 2d 134.

However, interpretations of the National Labor Relations Act made by the NLRB are not dispositive of the appropriate construction of our state act. The test is whether the application of the statute as determined by WERC is reasonable and consistent with the purposes of the statute. This is so because the application of MERA is one of the areas of the law requiring expertise. *Milwaukee v. Wis. Employment Relations Comm., supra,* p. 602; sec. 227.20 (2), Stats.

We conclude that the definition formulated by WERC in the series of decisions in which it has considered this issue is neither unreasonable nor inconsistent with the purposes of the statute.

The purpose of the statute is stated in sec. 111.70 (6), Stats.:

"(6) . . . The public policy of the state as to labor disputes arising in municipal employment is to encourage voluntary settlement through the procedures of collective bargaining. Accordingly, it is in the public interest that municipal employes so desiring be given an opportunity to bargain collectively with the municipal employer through a labor organization or other representative of the employes' own choice. If such procedures fail, the parties should have available to them a fair, speedy, effective and, above all, peaceful procedure for settlement as provided in this subchapter."

The exclusion of management personnel, as well as certain other categories, such as supervisors and executives, indicates that not all municipal employees are to have the benefit of dispute resolution through collective bargaining. However, the ability of a certain category of employees to effectuate and implement management policy does not necessarily indicate that they should be precluded from protection by the statute. The definition that has been formulated by WERC effectively distinguishes those categories of employees whose interests are shared by persons engaged in a managerial capacity from those categories of employees who are otherwise employed. By defining the managerial exclusion so as to encompass those who formulate and determine policy, as well as implement it, WERC formulated a definition which is consistent with the purpose of the Act and the legislatively expressed intent to exclude managerial employees. Such an interpretation is not unreasonable in light of the purpose and policy embodied in the statute, especially in view of the express coverage provided for professionals, sec. 111.70 (1) (l), Stats., and for state employed at-

torneys under the State Employment Labor Relations Act, sec. 111.81 (3) (a) 6.c.

The city does not contest the validity of the classification of the assistant city attorneys as nonmanagement personnel under the definition formulated by WERC; therefore, a review of the facts establishing that classification is not necessary.

We conclude that the circuit court had jurisdiction to review the declaratory ruling issued by WERC and that the definition of the term "managerial employee," as formulated and applied by WERC, was neither without reason nor inconsistent with the purposes of the statute. Therefore, it was not affected by an error of law.

*By the Court.*—Judgment affirmed.