**In the Matter of STATE SALES OR USE TAX LIABILITY OF WEBBER FURNITURE, SCOTTSBLUFF, NEBRASKA.**

**No. 12670.**

Supreme Court of South Dakota.

Argued Nov. 9, 1979

Decided April 9, 1980.

---

Harold H. Deering, Jr., of May, Adam, Gerdes & Thompson, Pierre, for appellant, Webber Furniture.

Gene R. Woodle, Asst. Atty. Gen., S.D. Dept. of Revenue, Pierre, for respondent, State of South Dakota.

HENDERSON, Justice.

## ACTION

Appellant Webber Furniture Company appeals from a judgment of the Circuit Court, Sixth Judicial Circuit, affirming the Secretary of Revenue's order that appellant collect and remit to the South Dakota Department of Revenue a use tax on all sales made to South Dakota residents, pursuant to the provisions of SDCL Chapters 10–46 and 10–52. We affirm.

## FACTS

A hearing was held on May 25, 1977, before a hearing examiner for a determination of the scope of appellant's tax liability by virtue of its business dealings in the State of South Dakota. The parties stipulated to certain facts outlined below, which were submitted at both administrative and circuit court levels.

Appellant is a Nebraska corporation with its principal place of business in Scottsbluff, Nebraska. It maintains no offices in the State of South Dakota and all sales of furniture and other merchandise to residents of South Dakota are transacted at the store of Webber's Furniture Company in Scottsbluff. Appellant has a policy of delivering furniture to the residence of the purchaser without charge. Delivery of furniture and other merchandise to residents in South Dakota is made in a truck owned by appellant and driven by two of its employees. These two truckers, appellant's only employees within the state, do not solicit sales. Appellant has, however, solicited customers in South Dakota by purchasing advertising in this state, as evidenced by an ad appearing in an Ellsworth Air Force Base area newspaper. A Nebraska sales tax is not collected on sales to out-of-state residents; however, inscribed upon each invoice and sale order appears the following statement: "This purchase may be subject to use tax in your home state."

On October 7, 1977, with Webber's consent, the Department of Revenue conducted an audit of appellant's accounts, covering the period from 1975 through September

1977, to determine its gross sales of furniture and other merchandise to South Dakota purchasers. The audit, which was made part of the record before the hearing examiner, revealed that in the year 1975, appellant made sixty-three sales to South Dakota residents totaling $48,428.52. This represented approximately fifteen percent of appellant's total sales that year. In 1976, appellant made sixty-seven sales of furniture and other merchandise to residents of the state in the amount of $61,599.36. This accounted for approximately twenty percent of appellant's business that year. From January through September of 1977, appellant transacted twenty-seven sales with South Dakota residents in the total amount of $22,658.05.

The Secretary of Revenue ruled that Webber's contacts in the state, particularly the transportation and delivery of furniture within the state, made it subject to the collection provisions in SDCL 10–46. On November 28, 1978, the circuit court entered judgment affirming the Department of Revenue's ruling in the matter.

## ISSUES

### I.

Is appellant a retailer maintaining a place of business in the State of South Dakota as defined by SDCL 10–46–1(7) and SDCL 10–46–20?

### II.

Does the State's imposition of liability for the collection of a use tax upon appellant violate the due process clause of the Fourteenth Amendment to the United States Constitution?

## DECISION

### I.

Appellant contends that it does not fall within the definition of a "retailer maintaining a place of business in the state,"

and therefore the Secretary's attempt to impose the onus of collection upon it, rather than collecting from each customer individually, is unwarranted and violative of SDCL 10–46. SDCL 10–46–20 provides that every retailer maintaining a place of business in this state, and making sales of tangible personal property for use in this state shall, at the time of making such sale, whether within or without this state, collect a use tax from the purchaser. A "retailer maintaining a place of business in the state," as defined in SDCL 10–46–1(7), includes:

> [A]ny retailer having or maintaining within this state, directly or by a subsidiary, an office, distribution house, sales house, warehouse or other place of business, *or any agents operating within the state under the authority of the retailer or its subsidiary, irrespective of whether such place of business or agent is located here permanently or temporarily* or whether such retailer or subsidiary is admitted to do business within this state pursuant to the laws of the state of South Dakota granting the rights of foreign corporations to do business in said state. (Emphasis supplied.)

The stipulated facts clearly establish that appellant has no office, saleshouse, warehouse, or any other type of business establishment in this state. The question becomes whether the deliverymen, who admittedly neither solicit nor make sales but do make minor furniture adjustments, are agents sufficient to bring appellant within the purview of SDCL 10–46–20. The state urges that SDCL 10–46–20, in conjunction with SDCL 10–46–1(6) and (7), permits the Secretary of Revenue to impose the collection responsibility on appellant. SDCL 10–46–1(6) [1] provides:

> [W]hen, in the opinion of the commissioner of revenue, it is necessary for the efficient administration of this chapter to regard any salesman, representatives, *truckers,* peddlers or canvassers as *agents*

---

1. The definition of retailer has since been amended to include every person performing services in this state.

of the dealers, distributors, supervisors, employers, or persons under whom they operate or from whom they obtain the tangible personal property sold by them irrespective of whether they are making sales on their own behalf or on behalf of such dealers, distributors, supervisors, employers or persons, the commissioner of revenue may so regard them and may regard the dealers, distributors, supervisors, employers or persons as retailers for purposes of this chapter. (Emphasis supplied.)

Appellant contends that the clear implication is that the legislature intended its taxing jurisdiction to extend only to those "agents" present in the state who make or solicit sales, either on their own behalf as independent contractors or on behalf of some retailer.

■ The construction of a statute is a question of law. Therefore, the decisions of the administrative agency, as well as the trial court, are fully reviewable. *City of Milwaukee v. Wisconsin Employment Relation Commission*, 71 Wis.2d 709, 239 N.W.2d 63 (1976); *In re Sales & Use Tax Determination*, 225 N.W.2d 571 (N.D.1974). Nevertheless, the construction and interpretation given the statute by the agency charged with its administration is entitled to great weight. *Udall v. Tallman*, 380 U.S. 1, 85 S.Ct. 792, 13 L.Ed.2d 616 (1965); *Milwaukee County v. Department of Industry*, 80 Wis.2d 445, 259 N.W.2d 118 (1977).

■ We agree with the interpretation of the Department of Revenue and the trial court that appellant's deliverymen, who truck furniture into the state, are agents sufficient to bring Webber within the purview of SDCL 10–46–20, making it subject to the collection provisions contained therein. It is apparent that if the legislature intended to restrict the scope of SDCL 10–46–1(6) to persons who solicit sales, truckers would have been excluded from the list of those persons who may be regarded as agents for purposes of this chapter. Furthermore, SDCL 10–46–1(6) includes the phrase, "under whom they operate," which is separable and distinct from that portion of the statute regarding sales made by oth-

er persons enumerated therein. The sale of merchandise by appellant to South Dakota residents which is trucked into the state by Webber's employees is within the use tax collection and remittance statutes; therefore, the state may require appellant to collect a use tax on such sales and remit the same to the Department of Revenue.

## II.

■ Appellant argues secondly that the action taken by the state is constitutionally infirm. Thus, the question to be decided here is whether appellant's contacts with the State of South Dakota provide a sufficient nexus under the due process clause to support the imposition of a use tax collection liability under SDCL 10–46–20.

Appellant relies on *Miller Bros. Co. v. Maryland*, 347 U.S. 340, 74 S.Ct. 535, 98 L.Ed. 744 (1954), which bears a striking resemblance to the case at bar. There, the State of Maryland sought to impose liability for the collection of a use tax on a Delaware corporation. All goods sold to Maryland residents were purchased at the corporation's store in Delaware. Miller Brothers did not maintain any offices or business outlets in Maryland, nor did they have any agents or salesmen who solicited or took orders in the state. The company did not directly advertise in Maryland, but it occasionally sent sales circulars to those Maryland residents who were former customers. Merchandise was occasionally delivered to Maryland customers both by common carrier and the company's own delivery trucks. The United States Supreme Court, in a 5–4 decision, held that the occasional delivery of goods sold at an out-of-state store, with no solicitation other than the incidental effects of general advertising, did not establish a sufficient nexus or a minimum connection between the state and the corporation to justify Maryland in imposing upon it a liability to collect a use tax.

In *Miller Bros.*, the Court noted that there was no invasion or exploitation of the consumer market in Maryland. The facts indicated that in a period of over four and one-half years, Miller Brothers either delivered or paid a common carrier to transport $9,500 worth of merchandise to customers

in Maryland. In contrast to *Miller Bros.*, sales by appellant to South Dakota residents, during a period of two and one-half years, aggregated over $130,000. The store appealed directly to South Dakota residents through advertising in the state. In addition, appellant's employees personally delivered the furniture in virtually all instances, rather than utilizing common carriers. Furthermore, appellant has actively sought a South Dakota market through its policy of delivering to the home of the customer without charge. Webber has established a substantial business with South Dakota residents, exploiting that portion of the consumer market near the state border. Finally, appellant's presence in the state has not been occasional as was that found in *Miller Bros.* Rather, there has been a course of conduct in which appellant has regularly effected deliveries within South Dakota by its own delivery trucks.

Subsequent United States Supreme Court decisions have distinguished, if not eroded, *Miller Bros.* on the basis that it was the "lack of certainty that the merchandise sold over the counter to Maryland customers in Delaware was transported to Maryland prior to its use [which] militated against a finding of adequate nexus with respect to those purchases." *National Geographic Society v. California Board of Equalization*, 430 U.S. 551, 561–62, 97 S.Ct. 1386, 1393, 51 L.Ed.2d 631, 640–41 (1977). *See also Scripto, Inc. v. Carson*, 362 U.S. 207, 212, 80 S.Ct. 619, 622, 4 L.Ed.2d 660, 664–65 (1960). Thus, in *National Geographic Society*, supra, the Court held that the Society's maintenance of two offices in California, which only solicited advertising for its magazine, provided a sufficient nexus for California's imposition of a use tax collection liability on the Society's mail-order operation, notwithstanding that the agents present in California performed no activities in relation to its mail-order business. In *Scripto*, supra, the Court held that there was a sufficient nexus enabling Florida to impose liability for use tax collection on a Georgia corporation which maintained no office or regular employees in Florida, and which only accepted orders, solicited by Florida wholesalers who were not full-time salesmen, in its Georgia

office from where the products were shipped.

While in both cases the foreign corporation either had offices or solicitors in the state which imposed upon them use tax collection responsibility, it is important to note that in each opinion a nexus was sufficiently found to distinguish *Miller Bros.* upon the rationale that it was impossible for the company to determine whether the goods sold at the store in Delaware were to be used and enjoyed in Maryland. Whether *Miller Bros.* can be so easily explained away upon this factual distinction is not for us to say. Suffice it to note that appellant knows which merchandise is destined for use in South Dakota when it agrees to deliver. Hence, to make appellant add on the South Dakota use tax to those sales of merchandise which are to be delivered to South Dakota is only a minimal burden. As long as appellant chooses to do business in this state, as evidenced by the regular presence of its merchandise haulers and employees delivering purchases to South Dakota residents, there is a sufficient nexus between the state and appellant to constitutionally support the imposition of use tax collection responsibility upon appellant.

Accordingly, the judgment is affirmed.

All Justices concur.