The SEWERAGE COMMISSION OF the CITY OF MILWAUKEE, and Metropolitan Sewerage Commission of the County of Milwaukee, Respondents,

v.

State of Wisconsin DEPARTMENT OF NATURAL RESOURCES, Appellant.†

Court of Appeals

*No. 79–884. Argued April 21, 1980.—Decided August 12, 1980.*
(Also reported in 297 N.W.2d 40.)

† Petition for review granted.

For the appellant the cause was argued by *Steven B. Wickland,* assistant attorney general, with whom on briefs was *Bronson C. La Follette,* attorney general.

For the respondent the cause was argued by *James H. Petersen,* senior staff attorney, with whom on briefs was *Michael J. McCabe,* director of legal services, Milwaukee Metropolitan Sewerage District, of Milwaukee.

Before DONLIN, P.J., Dean, J., and Foley, J.

FOLEY, J. The Department of Natural Resources appeals from a declaratory judgment granted to the Sewerage Commissions of the City and County of Milwaukee declaring that two discharge elimination system permits issued by the DNR were invalid because they require secondary treatment compliance prior to July 1, 1977. The judgment also dismissed the DNR's counterclaim for a forfeiture based on the failure to comply with the permits. The DNR contends that it did not exceed its authority when it ordered compliance with federal and state secondary treatment requirements prior to July 1, 1977, and that the circuit court did not have jurisdiction over the matter because the Sewerage Commissions should have sought review of the issue pursuant to sec. 147.20, Stats., and not through a de-

claratory judgment. Because we conclude that the DNR could order compliance prior to July 1, 1977, we reverse the judgment and remand the matter for consideration of the DNR's counterclaim.

The Federal Water Pollution Control Act Amendments of 1972 (FWPCA), 33 U.S.C.A. §1251, *et seq.* (West 1978), direct states to administer water pollution control programs consistent with the federal pollution control program. Wisconsin has enacted ch. 147, Stats. Section 147.04(3) (a), Stats., requires compliance with effluent limitations "by" July 1, 1977. The DNR interprets this to mean that it can order compliance prior to July 1, 1977. The trial court, in interpreting the statute, ruled that the DNR could not order compliance prior to July 1, 1977. The interpretation of a statute is a matter of law that we review independently. *Engineers and Scientists of Milwaukee, Inc. v. City of Milwaukee,* 38 Wis.2d 550, 157 N.W.2d 572 (1968).

Section 147.04 empowered the DNR to promulgate regulations relating to discharge into state waters. Section 147.021 requires that no state regulation can be more stringent than the corresponding federal regulation. The DNR promulgated WIS. ADM. CODE sec. NR 210.10, which requires that:

(1) Publicly owned treatment works and privately owned domestic sewage treatment works shall no later than July 1, 1977, achieve as a minimum all of the following effluent limitations . . . .

The DNR interprets this to allow it to require compliance before July 1, 1977, consistent with sec. 147.04(3) (a). An administrative agency's construction and interpretation of a statute or rule within its expertise is to be given great weight by a court. *City of Milwaukee v. WERC,* 71 Wis.2d 709, 239 N.W.2d 63 (1976).

■

The Commissions argue that the use of the word "by" in sec. 147.04(3)(a) as contrasted with "by not later than" used in secs. 147.04(2)(a) and (b), indicates that the DNR could not make a regulation that requires early compliance. The DNR contends that the words "by" and "not later than" are interchangeable. We agree with the DNR's position. As the Wisconsin Supreme Court stated in *Scheuer & Tiegs, Inc. v. Benedict,* 173 Wis. 241, 181 N.W. 129 (1921), the meaning of the word "by" is not clearly ascertainable from the word itself, but must be ascertained by reading the statute as a whole in light of the overall purpose and intent of the statute. *See Wisconsin's Environmental Decade, Inc. v. PSC,* 84 Wis.2d 504, 267 N.W.2d 609 (1978).

Any interpretation of sec. 147.04(3)(a) must consider the purpose of FWPCA. The objective of the FWPCA was to "restore and maintain the chemical, physical, and biological integrity of the Nation's waters." 33 U.S.C.A. §1251(a) (West 1978). The Act was designed to abate and eventually eliminate pollution. S. REP. NO. 414, 92d Cong., 2d Sess., *reprinted in* [1972] U. S. CODE CONG. & AD. NEWS 3675. According to the FWPCA, the discharge of pollutants is illegal except as authorized by permit. 33 U.S.C.A. §1311(a) (West 1978). Pollution will be allowed to continue only because of technological limitations. S. REP. NO. 414, 92d Cong., 2d Sess., *reprinted in* [1972] U. S. CODE CONG. & AD. NEWS 3709.

The FWPCA allows the state-appointed administrator the authority to set discharge limits based on a determination of when it is technologically feasible for a treatment facility to meet effluent limitations. S. REP. NO. 414 92d Cong., 2d Sess., *reprinted in* [1972] U. S. CODE CONG. & AD. NEWS 3675. The FWPCA also provides for state enforced programs that must be consistent

with the federal program. 33 U.S.C.A. §1342 (West 1978). Wisconsin has enacted such a program by ch. 147, Stats., and has named the DNR as state administrator. Section 147.01(2), Stats.

The FWPCA established the July 1, 1977, deadline for the achievement of secondary treatment at public sewage facilities. 33 U.S.C.A. §1311(b)(1)(B) (West 1978). Neither the FWPCA nor ch. 147 create a right to pollute until July 1, 1977, regardless of the technological ability not to pollute. To allow a municipality to pollute a lake until July 1, 1977, when it apparently could stop polluting as of January, 1975, would, frankly, be not only absurd, but contrary to the very purpose of both the FWPCA and ch. 147. If the Commissions felt compliance with the limits was impossible as of January, 1975, because of a failure of technology, their recourse was to challenge the permits. Section 147.20, Stats. The Commissions instead merely accepted the permits with the early compliance deadlines.

The Commissions cite *Wisconsin Electric Power Company v. State of Wisconsin Natural Resources Board,* 90 Wis.2d 656, 280 N.W.2d 218 (1979) and *Niagara of Wisconsin Paper Corporation v. Wisconsin DNR,* 84 Wis.2d 32, 268 N.W.2d 153 (1978), for the proposition that the state cannot set more stringent effluent limitations than those included in federal regulations. Here, however, the state is not attempting to set more stringent limits, but rather is attempting to force compliance with the federal limits at the earliest possible date. We conclude that *Niagara* and *Wisconsin Electric* are not controlling under these facts.

The DNR also contends that the Commissions cannot challenge the validity of their permits through sec. 227.-05, Stats., but could only make this challenge through sec. 147.20. The DNR contends that once a facility accepts a permit, it can only challenge that permit through

sec. 147.20 and is forever barred from using sec. 227.05. We need not decide this issue as we conclude that the declaratory judgment sought by the Commissions should not have been granted on the merits.

*By the Court.*—Judgment reversed and cause remanded with directions.