**In the Matter of the SALES TAX LIABILITY OF VALLEY QUEEN CHEESE, and/or Milbank Storage Inc.**

No. 15148.

Supreme Court of South Dakota.

Considered on Briefs March 18, 1986.

Decided May 7, 1986.

Gene R. Woodle, Asst. Atty. Gen., Pierre, for appellee State; Mark V. Meierhenry, Atty. Gen., Pierre, on brief.

Ronald G. Schmidt of Schmidt, Schroyer, Colwill & Zinter, P.C., Pierre, for appellant taxpayer.

WUEST, Justice.

Valley Queen Cheese (Valley Queen) appeals from a circuit court decision affirming an order of the South Dakota Secretary of Revenue (Secretary), directing Valley Queen, as the successor in interest to Milbank Storage, Inc. (Milbank Storage), to pay $39,994 in sales tax, interest and penalties, arising from a sales tax audit on Milbank Storage. We affirm.

Milbank Storage was established in 1967 by the co-owners of Valley Queen to facilitate Valley Queen's cash flow. Customers

of Milbank Storage were Kraft Cheese, Valley Queen and, for a brief period from 1983, the United States Government. A tax audit was conducted on Milbank Storage. After an administrative hearing was held and briefs were filed, Secretary signed an order that the activities of Milbank Storage (now Valley Queen) constitute the warehousing of cheese and, as such, the gross receipts therefrom are taxable under the sales tax provisions of SDCL 10-45-4.

Valley Queen appealed the order in circuit court, raising a number of arguments as to why the sales tax should not be imposed upon its cheese warehousing operation. The circuit court affirmed the Secretary's order and Valley Queen appeals to this court. Valley Queen contends that its operation is exempt under SDCL 10-45-12.-1, and the reasonable construction and application of the Standard Industrial Classification Manual of 1972 (SIC) Number 4221, as adopted by reference in SDCL 10-45-5.2. We disagree.

■ The construction of a statute is a question of law. *Petition of Famous Brands, Inc.,* 347 N.W.2d 882 (S.D.1984); *Matter of Change of Bed Category of Tieszen,* 343 N.W.2d 97 (S.D.1984). Consequently, the decisions of an administrative agency and the circuit court thereto are fully reviewable on appeal to this court. *Matter of Sales Tax or Use Tax, Etc.,* 290 N.W.2d 865, 868 (S.D.1980) *citing In re Sales & Use Tax Determination,* 225 N.W.2d 571 (N.D.1974); *City of Milwaukee v. Wisconsin Employment Relations Commission,* 71 Wis.2d 709, 239 N.W.2d 63 (1976). Nevertheless, the construction and interpretation given a statute by an administrative body charged with its administration is entitled to great weight. *Id. citing Udall v. Tallman,* 380 U.S. 1, 85 S.Ct. 792, 13 L.Ed.2d 616 (1965); *Milwaukee County v. Department of Industry,* 80 Wis.2d 445, 259 N.W.2d 118 (1977). Tax imposition statutes are generally construed in favor of the taxpayer, while tax exemption statutes are construed against the taxpayer. *N.W. S.P. v. Housing, Etc.,* 320 N.W.2d 515 (S.D. 1982); *Nash Finch Co. v. South Dakota Department of Revenue,* 312 N.W.2d 470 (S.D.1981).

We agree with the opinion the circuit court expressed in its memorandum decision that "statutory construction is not necessary in the case at hand, as the statutes in question are plain and clear on their face." As the circuit court noted, SDCL 10-45-4 imposes sales tax "... upon the gross receipts of any person from the engaging or continuing in the practice of any business in which a service is rendered." SDCL 10-45-4.1 defines "service" as "... all activities engaged in for other persons for a fee ... or other monetary charge, which activities involve predominately the performance of a service as distinguished from selling property." SDCL 10-45-5.2 enumerates a representative list of services intended to be taxable and incorporates by reference portions of the SIC manual for that purpose. SDCL 10-45-5.2 makes Division E of the manual subject to the sales tax on services. Major Group 42 of Division E is Motor Freight Transportation and Warehousing. Industry Number 4222 of Group 42 expressly lists cheese warehousing as part of the group.

■ In 1979, all of Division E was subject to tax. In 1981, however, the legislature repealed the general transportation service exemptions found in SDCL 10-45-12 and replaced them with specific references to major groups and groups in Division E. It is apparent from Chapter 103 of the South Dakota Session Laws of 1981 that Division E was closely scrutinized. Not only were large sections and major groups exempted, but also smaller sections and individual industry numbers. Farm product warehousing and storage under SIC 4221 was expressly exempted by SDCL 10-45-12.1. It does not include products requiring refrigeration. Refrigerated warehousing is classified in Industry Number 4222 and is not exempt. Valley Queen argues its cheese warehousing operation belongs in Industry Number 4221 rather than 4222 because it only refrigerates its product five months of the year. We find this argument untenable. The Milbank Storage warehouse is not refrigerated artificially for seven months out of the year because the seasonal temperature changes cause natural refrigeration to occur.

Valley Queen cites our decision in *Welcome Wagon Intern. v. S.D. Dept. of Revenue*, 318 N.W.2d 5 (S.D.1982), as authority for the argument that cheese warehousing should be included in farm product warehousing under Industry Number 4221. In *Welcome Wagon*, the legislature expressly included Welcome Wagon service among the list of taxable services in the SIC manual, while also exempting advertising services from the tax without reference to the manual. This court addressed the issue of whether Welcome Wagon was an advertising service exempt from the tax, stating:

> The legislative enactment is to be considered as a whole, and when possible, effect must be given to all provisions of the statute if they can be reconciled. *State v. Hirsch*, 309 N.W.2d 832 (S.D. 1981); *Matter of Sales Tax Refund Applications*, 298 N.W.2d 799 (S.D.1980); *State v. Heisinger*, 252 N.W.2d 899 (S.D. 1977). This means that when construing statutes courts must attempt to reconcile apparent contradictions between statutes, having in mind the principles of pari materia which assumes that all legislative enactments are consistent and harmonious in their several provisions. *Matter of Certain Territorial Elec. Boundaries, Etc.*, 281 N.W.2d 72 (S.D. 1979); *In re Schneider's Estate*, 72 S.D. 174, 31 N.W.2d 261 (1948).

318 N.W.2d at 7. The court determined that Welcome Wagon is an advertising service and, finding no way to reconcile the fact that Welcome Wagon is listed as a taxable service while advertising services are exempted, we held it exempt from the service tax. In the present case, however, we find no such contradiction as was present in *Welcome Wagon, supra,* for we believe that cheese warehousing does not fall within the class of unrefrigerated farm products listed in SIC Industry Number 4221. As the circuit court indicated in its memorandum decision, SIC 4221 and 4222 are mutually exclusive and, therefore, *Welcome Wagon* is distinguishable.

 Valley Queen also argues that SIC Industry Number 4221 is unconstitutionally vague, arbitrary, capricious and unreasonable. SIC 4221 states that farm products are exempt and provides a list of items considered "farm products" to be exempted from the service tax, including:

Bean cleaning and warehousing

Bean elevators, except sales

Cotton compresses and warehouses

Farm product warehousing and storage other than cold storage

Grain elevators, storage only

Potato cellars

Tobacco warehousing and storage

Wool and mohair warehousing

As stated *supra*, SIC 4221 allows that "refrigerated warehousing" is classified in SIC 4222, and cheese warehousing is expressly included in that section. As long as a classification is reasonable and not arbitrary and bears some relation to the subject at hand, the legislature may select some classes for taxation and not others. *State v. Welsh*, 61 S.D. 593, 595, 251 N.W. 189 (1933). Furthermore, the wisdom of making such classifications is for the legislature and courts have no concern with the wisdom and expediency of tax legislation. *Berdahl v. Gillis*, 81 S.D. 436, 136 N.W.2d 633 (1965). In *Berdahl*, 81 S.D. at 444, 136 N.W.2d at 637, we addressed a similar issue, stating:

> Mere difficulty in ascertaining the meaning of a statute, or the fact that it is susceptible of different interpretations will not render it void. An act, although somewhat vague and uncertain, or not as clear as it might be, may nevertheless be valid, unless it is so imperfect as to render it impossible to execute it or to ascertain the legislative intent. 82 C.J.S. Statutes § 68. In *People ex rel. Christensen v. Board of Education of School Dist. No. 99*, 393 Ill. 345, 65 N.E.2d 825, the rule is stated thus: 'It is only when the legislative act is so indefinite and uncertain that the courts are unable, by accepted rules of construction, to determine with any reasonable degree of certainty what the legislature intended, or when it is so incomplete and inconsistent that it cannot be executed, that constitutes such indefiniteness and uncertainty that will invalidate the law.'

We have no difficulty ascertaining the legislature's intent with regard to Industry Numbers 4221 and 4222. The tax exemptions of SIC 4221 cover the farm products listed supra and "farm product warehousing and storage, other than cold storage," which is covered in 4222. Cheese warehousing is expressly listed in SIC 4222, and its taxability is abundantly clear.

Finally, Valley Queen argues that the warehousing of cheese constitutes the rental of real estate and not a taxable service. We deem this argument of little merit given the fact that the legislature has determined cheese warehousing is a service taxable under SDCL ch. 10–45.

Accordingly, we affirm the decision of the circuit court finding Valley Queen liable for the tax assessed by the Department of Revenue.

All the Justices concur.