#24758-a-JKK

**2008 SD 127**

IN THE SUPREME COURT
OF THE
STATE OF SOUTH DAKOTA

\* \* \* \*

IN THE MATTER OF THE
SALES TAX LIABILITY OF
JAMES PIRMANTGEN &
PATRICIA CARLSON

LICENSE NO.
57-001-000161740T-ST-001

\* \* \* \*

APPEAL FROM THE CIRCUIT COURT OF
THE FIFTH JUDICIAL CIRCUIT
ROBERTS COUNTY, SOUTH DAKOTA

\* \* \* \*

HONORABLE JON S. FLEMMER
Judge

\* \* \* \*

JOHN T. RICHTER
SD Dept. of Revenue & Regulation              Attorney for appellant SD
Pierre, South Dakota                          Dept. of Revenue & Regulation.

GORDON P. NIELSEN of
Delaney, Vander Linden, Delaney,              Attorneys for appellees
  Nielsen & Sannes, P.C.                      Patricia Carlson and James
Sisseton, South Dakota                        Pirmantgen

\* \* \* \*

CONSIDERED ON BRIEFS
ON AUGUST 26, 2008

OPINION FILED **12/23/08**

#24758

KONENKAMP, Justice

[¶1.]        In this sales tax case, the South Dakota Department of Revenue and Regulation appeals a circuit court ruling that a self-storage facility is not subject to sales tax.  Because the rental of storage space is not a "service" within the parameters of SDCL 10-45-5.2, we affirm the decision of the circuit court.

## Background

[¶2.]        James Pirmantgen and Patricia Carlson own a self-service storage facility in Sisseton, South Dakota.  The Department required them to file a tax return and remit sales tax on a bi-monthly basis.  They filed a return and remitted sales tax for the period of January 1, 2005 to December 31, 2005.  They failed to file returns or remit sales tax for the periods of January-February 2006, May-June 2006, July-August 2006, and September-October 2006.  For the March-April 2006 period, they filed a return claiming zero gross receipts with no sales tax due.

[¶3.]        The Department sent Pirmantgen and Carlson billing notices requesting that they file their sales tax returns and remit their taxes.  After the notices went unanswered, the Department sent them an amended notice of jeopardy assessment for $823.12.  They contested the liability and filed a written request for a hearing.  An administrative hearing was held where they argued that they were not performing any service, and therefore, should not be obligated to pay sales tax.  They claimed that they were acting solely as landlords because they rented the spaces to tenants who used their own padlocks to secure the storage rooms.

[¶4.]        The Department argued that under SDCL 10-45-5.2 Pirmantgen and Carlson were providing a service subject to tax.  According to the Department, the

-1-

Standard Industrial Classification (SIC) Manual, adopted in SDCL 10-45-5.2, lists the businesses of miniwarehousing and self-storage warehousing as providers of a service subject to sales tax. Because Pirmantgen and Carlson provided storage space, the Department asserted that they were engaged in the service of miniwarehousing or self-storage warehousing. The hearing examiner agreed with the Department. The Secretary of the Department issued a final decision affirming the amended notice of jeopardy assessment.

[¶5.]        In reversing the Department's decision, the circuit court ruled that Pirmantgen and Carlson provided no service. Rather, they rented space—real estate—to their tenants. The court opined that the reference in the SIC to "Miniwarehouse warehousing" and "Warehousing, self-storage" meant something different than the business of self-service storage. According to the court, SIC 4225 pertained to establishments engaged in "warehousing and storage," in which the businesses must warehouse *and* store, not warehouse *or* store. On appeal, the Department asserts that the gross receipts from the rental of mini-storage units are subject to sales tax under SDCL 10-45-5.2.

## Analysis and Decision

[¶6.]        Our statutorily mandated standard of review for administrative appeals requires us to "give great weight to the findings made and inferences drawn by an agency on questions of fact[,]" by applying the clearly erroneous standard of review. SDCL 1-26-36; Watertown Coop. Elevator Ass'n v. SD Dept. of Rev., 2001 SD 56, ¶10, 627 NW2d 167, 171 (citation omitted). Questions of law, such as whether a statute imposes a tax in various circumstances, are reviewed de novo.

Choice Hotels Int'l, Inc. v. SD Dept. of Rev. and Reg., 2006 SD 25, ¶9, 711 NW2d 926, 928 (citations omitted).

[¶7.]       SDCL 10-45-4 imposes a sales tax on all "services" as defined in SDCL 10-45-4.1:

> "Service" means all activities engaged in for other persons for a fee, retainer, commission, or other monetary charge, which activities involve predominantly the performance of a service as distinguished from selling property.  In determining what is a service, the intended use, principal objective or ultimate objective of the contracting parties shall not be controlling.

Any service that fits the statutory definition is subject to tax, unless a specific exemption is provided in a different statute.  SDCL 10-45-4.  We use the predominant activity test to determine if a business provides a service subject to tax.  SDCL 10-45-4.1; *Watertown Co-op Elevator Ass'n*, 2001 SD 56, ¶12, 627 NW2d at 172; Nash Finch Co. v. SD Dept. of Rev., 312 NW2d 470, 472 (SD 1981).

[¶8.]       Here, the circuit court considered the predominant activity test and concluded that Pirmantgen and Carlson provide no service as defined by SDCL 10-45-4.1.  The Department does not challenge that ruling.  In fact, the Department argues that SDCL 10-45-4 and SDCL 10-45-4.1 are irrelevant.  According to the Department, a tax is imposed here through SDCL 10-45-5.2.  Relying on that statute, the Department maintains that *any* mini-storage or self-service storage business is specifically subject to sales tax.

[¶9.]       SDCL 10-45-5.2 provides a list of industries from the SIC that the Legislature has determined to be subject to sales tax.  Applicable here is Division E, entitled "Transportation, Communications, Electric, Gas, and Sanitary Services."  Within Division E is Major Group 42, entitled "Motor Freight Transportation and

Warehousing." Major Group 42 contains the services of "General Warehousing and Storage," (SIC 4225) and "Special Warehousing and Storage" (SIC 4226). Under General Warehousing and Storage (SIC 4225), the SIC lists: "Miniwarehouse warehousing" and "Warehousing, self-storage."

[¶10.]     Relying on SIC 4225, the Department argues that all storage and warehousing businesses are subject to sales tax, unless specifically exempt. Pirmantgen and Carlson, on the other hand, contend that SIC 4225 includes only the service of *warehousing and storage* and not simply the business of renting storage units.

[¶11.]     Generally, statutes imposing taxes should be construed liberally in favor of the taxpayer and strictly against the taxing entity. *Nash Finch Co.*, 312 NW2d at 472; *see also In the Matter of* the Sales Tax Liability of Valley Queen Cheese, 387 NW2d 39, 40 (SD 1986). We construe the language of the SIC adopted in SDCL 10-45-5.2 without any deference to the agency or circuit court's interpretation. *See Nash Finch Co.*, 312 NW2d at 472; *see also Choice Hotels Int'l, Inc.*, 2006 SD 25, ¶9, 711 NW2d at 928 ("Questions of law, such as the question whether a statute imposes a tax under a given factual situation, are reviewed de novo.") (citation omitted).

[¶12.]     The SIC Major Group 42, entitled "Motor Freight Transportation and Warehousing," provides the following description:

> This major group includes establishments furnishing local or long-distance trucking or transfer services, or those engaged in the storage of farm products, furniture and other household goods, or commercial goods of any nature. The operation of terminal facilities for handling freight, with or without maintenance facilities, is also included. . . .

Within Major Group 42, is the subgroup, "Public Warehousing and Storage." Listed under this subgroup are the following industries: Farm Product Warehousing and Storage (SIC 4221); Refrigerated Warehousing and Storage (SIC 4222); General Warehousing and Storage (SIC 4225); and Special Warehousing and Storage, Not Elsewhere Classified (SIC 4226). "General Warehousing and Storage" (SIC 4225) includes "[e]stablishments primarily engaged in the warehousing and storage of a general line of goods." Listed under SIC 4225 are the "General warehousing and storage," "Miniwarehouse warehousing," and "Warehousing, self-storage" industries.

[¶13.] We must determine whether Pirmantgen and Carlson's business constitutes an "establishment primarily engaged in the warehousing and storage of a general line of goods." *See* SIC 4225. It is undisputed that Pirmantgen and Carlson's business primarily engages in the *renting* of storage space, not *warehousing and storage* of any particular line of goods. In fact, the tenants must pay rent regardless of whether they store any goods. The Department makes no claim that Pirmantgen and Carlson provide their tenants anything other than the rental of a storage space. Nor does the Department assert that Pirmantgen and Carlson rent that storage space for *a general line of goods*. Rather, the Department argues that, as a matter of law, the business is a service industry under SIC 4225 because it involves storage.[*]

---

[*] To reach its result, the dissent conducts a backwards analysis. The Department argues in this appeal that the gross receipts of the business are subject to tax under SDCL 10-45-5.2. Thus, we first examine whether there

(continued . . .)

[¶14.]    Renting storage space, and nothing more, can be distinguished from the service of *warehousing and storage*. In fact, the SIC recognizes this difference. In its definition of what qualifies for "Refrigerated Warehousing and Storage," the SIC includes "[e]stablishments primarily engaged in the warehousing and storage of perishable goods under refrigeration." SIC 4222. It then states that "[t]he establishments may also *rent locker space* for the *storage* of food products for individual households and provides incidental services for processing, preparing, or packaging such food for storage." *Id.* (emphasis added). From this we can conclude that *warehousing and storage* as a service means something different in the SIC than *renting* space for *storage*.

[¶15.]    Nonetheless, the Department contends that the case of *Sales Tax Liability of Valley Queen Cheese* expressly disclaimed the idea that a storage facility can escape tax liability by claiming that it is merely renting real estate. *See* 387 NW2d at 42. In that case, Valley Queen argued, among other things, that it was renting real estate, and therefore, it was not subject to sales tax under SDCL chapter 10-45. Valley Queen established a storage company, Milbank Storage, which warehoused cheese for Kraft Cheese, Valley Queen, and for a brief period, the

_____

(. . . continued)

was taxable activity under that statute. Only if the activity is taxable would we proceed to decide if there is an exemption available. Indeed, to prove an exemption the activity first has to be taxable. Here, however, no exemption applies because the circuit court and this Court have now held that the activity is not taxable. A liberal rule applies to taxability analysis, and a restrictive rule applies to exemption analysis. But the dissent begins by applying the restrictive rule, applicable only to exemptions. From that rule, the dissent then concludes that the business is taxable.

United States Government. There was no dispute that Valley Queen's *storage* company *warehoused* cheese. Therefore, under SIC 4221, "Refrigerated Warehousing and Storage," the refrigerated warehousing and storage of cheese could not be interpreted to be merely the rental of real estate. Valley Queen engaged in the service of warehousing.

[¶16.]    The same is not true here. Pirmantgen and Carlson's business provides no warehousing. They neither secure their tenants' belongings nor warehouse nor store any particular line of goods. Their tenants can store what they wish or nothing at all, as long as the use of the space is lawful. Pirmantgen and Carlson merely provide a space. This business, therefore, does not fit the SIC industry that is "primarily engaged in the warehousing and storage" of any particular goods. Simply because a business has a storage component does not mean as a matter of law that the business is providing a taxable service. Each business must be examined individually to determine if the service of warehousing and storage is provided. Here, however, Pirmantgen and Carlson's business is not subject to sales tax under SDCL chapter 10-45.

[¶17.]    Affirmed.

[¶18.]    ZINTER and MEIERHENRY, Justices, concur.

[¶19.]    GILBERTSON, Chief Justice and SABERS, Justice, dissent.


GILBERTSON, Chief Justice (dissenting).

[¶20.]    I respectfully dissent. The Court's opinion neglects to consider that "'statutes allowing tax exemptions are exactingly and narrowly construed in favor of

the taxing entity.'" Mauch v. South Dakota Dept. of Revenue and Regulation, 2007 SD 90, ¶8, 738 NW2d 537, 540 (quoting Watertown Coop. Elevator Ass'n v. SD Dept. of Rev, 2001 SD 56, ¶10, 627 NW2d 167, 171). The Court initially errs in giving the benefit of the doubt to the taxpayers under the view that this is a question of application of the tax. However, the circuit court in essence found that the taxpayers were exempt from the tax on services as they operated a "self-service storage facility" rather than the general category of "General Warehousing and Storage" or more specifically, "mini-storage" that are subject to tax.

[¶21.]     The language of SDCL 10-45-4.1 provides:

> "Service" means *all activities* engaged in for other persons for a fee, retainer, commission, or other monetary charge, which activities involve predominantly the performance of a service as distinguished from selling property. In determining what is a service, the intended use, principal objective or ultimate objective of the contracting parties shall not be controlling.

The key language in the statute is: "as distinguished from selling property." The Court misses the point that self storage units provide a service: the proprietor makes available for lease space that is enclosed, securable, and suitable for storage of any and all legal items. The proprietor then offers the space, willing customers agree to the price, and the privilege of using the space is made available.

[¶22.]     I do agree with the Court that the taxpayers are not in the business of selling real estate. I disagree, however, that the provision of self-storage space falls outside the definition of a service as contained in SDCL 10-45-5.2.

[¶23.]     The analysis engaged in by the Court with regard to the SIC codes is also flawed. The use of the SIC codes is applicable by virtue of SDCL 10-45-5.2. *Sales Tax Liability of Valley Queen Cheese*, 387 NW2d at 40. Under those SIC codes

at section 4225 it provides that a tax is owed for "General Warehousing and Storage." SIC 4225. Under illustrative examples are included "Miniwarehouse warehousing" and "Warehousing, self-storage." *Id.* While one might attempt to split hairs over what constitutes the warehouse element of "miniwarehouse warehousing," all doubt is removed by the next example "Warehousing, self-storage." *Id.* Thus self-storage is considered warehousing under the SIC codes. If not, this example includes both "warehousing and self-storage" in the disjunctive. This is also consistent with the statutory definition of a "self-service storage facility." South Dakota Codified Law 44-14-1(6) provides:

> "Self-service storage facility," any real property designed and used for the purpose of renting or leasing individual storage space to occupants who are to have access to such for the purpose of storing and removing personal property.

Moreover, SDCL 44-14-2 grants to the owner of the facility, as is owned here by the taxpayers, a lien upon the renter's personal property for services such as "labor" and "expenses necessary for its preservation, or expenses reasonably incurred in its sale or other disposition pursuant to this chapter." SDCL 44-14-2.

[¶24.] The taxpayers concede that they are operating a "self-service storage facility." The taxpayers state:

> The Circuit Court determined in Finding of Fact #7 that James Pirmantgen and Patricia Carlson own a "self-service storage facility." The Department has not appealed this finding. Therefore, for purposes of this appeal, the facility in questions [sic] must be considered a "self-service storage facility" and not a "mini-storage" facility as advanced by the Department.

[¶25.] A similar argument advanced by the taxpayers here was rejected by this Court in *Matter of Sales Tax Liability of Valley Queen Cheese*, 387 NW2d 39.

Therein the taxpayer tried to argue that it was merely providing rental space and no type of services. *Id.* at 41. We rejected such a claim noting that "[c]heese warehousing is expressly listed in SIC 4222, and its taxability is abundantly clear. . . . We deem this argument of little merit given the fact that the legislature has determined cheese warehousing is a service taxable under SDCL ch. 10-45." *Id.* at 42. The same can be said for the term "warehousing, self-storage."

[¶26.] While the Court today pays lip service to *Matter of Sales Tax Liability of Valley Queen Cheese*, it in essence reverses its holding. Now, as long as the "lessor" is able to come up with a document entitled a "lease of real estate" it can with artful draftsmanship claim it is providing no service under SDCL 10-45-4 and 4.1. The exemption will engulf the general rule of tax liability. All such storage facilities that dot our state's landscape will sport a sign announcing "real estate for rent."

[¶27.] Taxpayers are providing a service subject to tax. Lacking a specific exemption for self-storage units such as the ones involved in the instant case, sales tax should be collected on all gross receipts for the service provided by the self-storage facilities. The matter should be reversed and remanded accordingly.

[¶28.] SABERS, Justice, joins this dissent.