GILBERTSON, Chief Justice
(dissenting).
[¶ 20.] I respectfully dissent. The Court’s opinion neglects to consider that “ ‘statutes allowing tax exemptions are exactingly and narrowly construed in favor of the taxing entity.’ ” Mauch v. South Dakota Dept. of Revenue and Regulation, 2007 SD 90, ¶ 8, 738 N.W.2d 537, 540 (quoting Watertown Coop. Elevator Ass’n v. SD Dept. of Rev., 2001 SD 56, ¶ 10, 627 N.W.2d 167, 171). The Court initially errs in giving the benefit of the doubt to the taxpayers under the view that this is a question of application of the tax. However, the circuit court in essence found that the taxpayers were exempt from the tax on services as they operated a “self-service storage facility” rather than the general category of “General Warehousing and Storage” or more specifically, “mini-storage” that are subject to tax.
[¶ 21.] The language of SDCL 10-45-4.1 provides:
“Service” means all activities engaged in for other persons for a fee, retainer, commission, or other monetary charge, which activities involve predominantly the performance of a service as distinguished from selling property. In determining what is a service, the intended use, principal objective or ultimate objective of the contracting parties shall not be controlling.
The key language in the statute is: “as distinguished from selling property.” The Court misses the point that self storage units provide a service: the proprietor makes available for lease space that is enclosed, securable, and suitable for storage of any and all legal items. The proprietor then offers the space, willing customers agree to the price, and the privilege of using the space is made available.
[¶ 22.] I do agree with the Court that the taxpayers are not in the business of selling real estate. I disagree, however, that the provision of self-storage space falls outside the definition of a service as contained in SDCL 10-45-5.2.
[¶ 23.] The analysis engaged in by the Court with regard to the SIC codes is also flawed. The use of the SIC codes is applicable by virtue of SDCL 10-45-5.2. Sales Tax Liability of Valley Queen Cheese, 387 N.W.2d at 40. Under those SIC codes at section 4225 it provides that a tax is owed *296 for “General Warehousing and Storage.” SIC 4225. Under illustrative examples are included “Miniwarehouse warehousing” and “Warehousing, self-storage.” Id. While one might attempt to split hairs over what constitutes the warehouse element of “miniwarehouse warehousing,” all doubt is removed by the next example “Warehousing, self-storage.” Id. Thus self-storage is considered warehousing under the SIC codes. If not, this example includes both “warehousing and self-storage” in the disjunctive. This is also consistent with the statutory definition of a “self-service storage facility.” South Dakota Codified Law 44-14-1(6) provides:
“Self-service storage facility,” any real property designed and used for the purpose of renting or leasing individual storage space to occupants who are to have access to such for the purpose of storing and removing personal property.
Moreover, SDCL 44-14-2 grants to the owner of the facility, as is owned here by the taxpayers, a lien upon the renter’s personal property for services such as “labor” and “expenses necessary for its preservation, or expenses reasonably incurred in its sale or other disposition pursuant to this chapter.” SDCL 44-14-2.
[¶ 24.] The taxpayers concede that they are operating a “self-service storage facility.” The taxpayers state:
The Circuit Court determined in Finding of Fact # 7 that James Pirmantgen and Patricia Carlson own a “self-service storage facility.” The Department has not appealed this finding. Therefore, for purposes of this appeal, the facility in questions [sic] must be considered a “self-service storage facility” and not a “mini-storage” facility as advanced by the Department.
[¶25.] A similar argument advanced by the taxpayers here was rejected by this Court in Matter of Sales Tax Liability of Valley Queen Cheese, 387 N.W.2d 39. Therein the taxpayer tried to argue that it was merely providing rental space and no type of services. Id. at 41. We rejected such a claim noting that “[c]heese warehousing is expressly listed in SIC 4222, and its taxability is abundantly clear.... We deem this argument of little merit given the fact that the legislature has determined cheese warehousing is a service taxable under SDCL ch. 10-45.” Id. at 42. The same can be said for the term “warehousing, self-storage.”
[¶ 26.] While the Court today pays lip service to Matter of Sales Tax Liability of Valley Queen Cheese, it in essence reverses its holding. Now, as long as the “lessor” is able to come up with a document entitled a “lease of real estate” it can with artful draftsmanship claim it is providing no service under SDCL 10-45-4 and 4.1. The exemption will engulf the general rule of tax liability. All such storage facilities that dot our state’s landscape will sport a sign announcing “real estate for rent.”
[¶ 27.] Taxpayers are providing a service subject to tax. Lacking a specific exemption for self-storage units such as the ones involved in the instant case, sales tax should be collected on all gross receipts for the service provided by the self-storage facilities. The matter should be reversed and remanded accordingly.
[¶ 28.] SABERS, Justice, joins this dissent.