VILLAGE OF WHITEFISH BAY, Petitioner-Appellant,

v.

WISCONSIN EMPLOYMENT RELATIONS COMMISSION, Respondent.†

Court of Appeals

*No. 80–1490. Submitted on briefs May 13, 1981.—Decided June 15, 1981.*
(Also reported in 309 N.W.2d 17.)

† Petition to review denied. HEFFERNAN, J., took no part.

For the petitioner-appellant the cause was submitted on the briefs of *Hayes and Hayes* and *Tom E. Hayes* and *M. Susan Maloney,* of counsel, of Milwaukee.

For the respondent the cause was submitted on the brief of *Bronson C. La Follette,* attorney general, and *David C. Rice,* assistant attorney general.

Before Decker, C.J., Moser, P.J., and Cannon, J.

MOSER, P.J. This is an appeal from an order of the circuit court affirming the Wisconsin Employment Relations Commission (WERC) order pursuant to sec. 111.70 (4) (d), Stats., which certified the Whitefish Bay Police Supervisors Association (WBPSA) as the exclusive collective bargaining agent for the three lieutenants and three sergeants of the Village of Whitefish Bay (Village) police department.[1] The dispute focuses on whether the police lieutenants are managerial employees excluded from union membership under secs. 111.70(1) (b)[2] and

---

[1] Direct review by the supreme court, pursuant to this court's certification, was refused in an order dated April 13, 1981.

[2] Sec. 111.70(1) (b), Stats., defines a "municipal employe:"

"Municipal employe" means any individual employed by a municipal employer *other than an independent contractor, supervisor, or confidential, managerial or executive employe.* [Emphasis added.]

111.70(2),[3] or whether they are supervisors, as defined in sec. 111.70(1)(o),[4] allowed to form a separate bargaining unit under sec. 111.70(8).[5] We affirm the determination that the lieutenants are supervisors.

On December 7, 1978, Lt. Donald E. Reader of the Village police department, filed a petition with the WERC for a secret ballot election pursuant to sec. 111.05, Stats.,

[3] Sec. 111.70(2), Stats., authorizes union organization and membership for municipal employes. It provides in part:

RIGHTS OF MUNICIPAL EMPLOYES. Municipal employes shall have the right of self-organization, and the right to form, join or assist labor organizations, to bargain collectively through representatives of their own choosing, and to engage in lawful, concerted activities for the purpose of collective bargaining or other mutual aid or protection, and such employes shall have the right to refrain from any and all such activities except that employes may be required to pay dues in the manner provided in a fair-share agreement.

[4] Sec. 111.70(1)(o), Stats., defines a supervisor:

"Supervisor" means:

1. As to other than municipal and county firefighters, any individual who has authority, in the interest of the municipal employer, to hire, transfer, suspend, lay off, recall, promote, discharge, assign, reward or discipline other employes, or to adjust their grievances or effectively to recommend such action, if in connection with the foregoing the exercise of such authority is not of a merely routine or clerical nature, but requires the use of independent judgment.

2. As to firefighters employed by municipalities with more than one fire station, the term "supervisor" shall include all officers above the rank of the highest ranking officer at each single station. In municipalities where there is but one fire station, the term "supervisor" shall include only the chief and the officer in rank immediately below the chief. No other firefighter shall be included under the term "supervisor" for the purposes of this subchapter.

[5] Sec. 111.70(8), Stats., authorizes the formation of supervisory units:

SUPERVISORY UNITS. This subchapter does not preclude law enforcement or fire fighting supervisors from organizing in separate units of supervisors for purposes of negotiating with their municipal employers. The commission shall by rule establish procedures

to determine a collective bargaining unit for the supervisory personnel of the Village police department, claiming that the unit would be made up of three lieutenants and three sergeants. The WERC scheduled a hearing at the Village hall for January 9, 1979, to determine if the proposed collective bargaining unit was appropriate. The January 9, 1979 hearing was postponed until February 1, 1979. On January 23, 1979, the Village interposed a request for a declaratory ruling pursuant to sec. 111.70 (4) (b) asking the WERC to establish a standard for determining which supervisory employees would be deemed to be managerial or executive, and whether they would be eligible to form or participate in bargaining units of any nature. On January 25, 1979, the WERC's general counsel responded by letter advising the Village that the legislature and the WERC had already set standards for supervisory personnel collective bargaining units, enclosing copies of sec. 111.70 (8), and Wis. Adm. Code sec. ERB 17.01.[6]

On February 1, 1979, a hearing was held before a WERC examiner on the question of the propriety of the proposed bargaining unit. On March 26, 1979, the WERC filed its findings of fact and conclusions of law. It found

for certification of such units of supervisors and the levels of supervisors to be included in the units. The commission may require that the representative in a supervisory unit shall be an organization that is a separate local entity from the representative of the nonsupervisory municipal employes, but such requirement does not prevent affiliation by a supervisory representative with the same parent state or national organization as the nonsupervisory municipal employe representative. In cities of the 1st class, this section applies to law enforcement supervisors. For such purposes, the term "municipal employe" includes law enforcement supervisors in cities of the 1st class.

[6] Wisconsin Adm. Code sec. ERB 17.01 provides that supervisors who perform confidential, managerial or executive duties must be excluded from supervisory units. The determination of which supervisors are so excluded must be made on a case-by-case basis.

that the lieutenants were supervisory employees in that they "neither participate, to a significant degree, in the formulating, determining, and implementation of management policy, nor do they possess the effective authority to commit the Village's resources." As conclusions of law, the WERC determined that the lieutenants were not managerial employees, but supervisors within the meaning of sec. 111.70(1)(o), Stats., and therefore were properly included in a law enforcement supervisory collective bargaining unit within the meaning of sec. 111.70(8). The WERC further determined that the WBPSA was separate from the nonsupervisory employees' collective bargaining association, which could not qualify to represent the supervisory employees under sec. 111.70(8). The WERC therefore ordered a secret ballot election to determine whether the WBPSA would be the bargaining agent. The secret ballot election was held and on May 3, 1979, the WERC certified the election of WBPSA.

The Village petitioned, pursuant to secs. 227.15 and 227.16, Stats., for circuit court review contending that the determination that lieutenants were supervisory employees entitled to be represented by a bargaining agent should be reversed. The Village asserted that because the lieutenants act as heads of the department during those shifts when the chief is off duty, they are "managerial" employees. In a memorandum decision, the circuit court determined that the WERC had defined " 'managerial personnel' as those who participate in the formulation, determination and implementation of management policy or possess effective authority to commit the employer's resources. Such attributes set them apart from the community of interests shared by other employees."[7] Based upon this definition and the evidence before it, the court

[7] The court quoted from *City of Milwaukee v. WERC*, 71 Wis.2d 709, 716, 239 N.W.2d 63, 67 (1976).

affirmed the WERC order and certification in an order entered July 21, 1979. The Village appeals.

The WERC's interpretation of the statutes in question may be affirmed if it is reasonable and consistent with the purpose of the statutes.[8] While the WERC's interpretation is not binding on an appellate court, a court will give great weight to its expertise in determining the proper statutory construction.[9] In fact, our supreme court has approved the WERC definition of the term "managerial employee," quoted by the circuit court.[10] The following WERC finding of fact in this case comports with this definition: "5. That the lieutenants neither participate, to a significant degree, in the formulation, determination, and implementation of management policy, nor do they possess effective authority to commit the Village's resources."

This factual finding is conclusive if it is supported by substantial evidence in the record[11] even if more than one inference can reasonably be drawn from the evidence.[12]

The record is clear in this matter that the only one in the Village police department who had any contact regarding budget or policy matters with the Village's legislators or executive was the chief of police. It is further clear from the record that at no time was the managerial or executive function delegated to any of the lieutenants. Lt. Reader's testimony that there had not been a formal meeting of the lieutenants with the chief for "something

[8] *Id.* at 716, 239 N.W.2d at 66.

[9] *Id; City of Milwaukee v. WERC,* 43 Wis.2d 596, 601, 168 N.W.2d 809, 811 (1969).

[10] *City of Milwaukee v. WERC, supra* note 7, at 717, 239 N.W.2d at 67.

[11] *Chicago, M., St. P. & Pac. R.R. v. DILHR,* 62 Wis.2d 392, 396, 215 N.W.2d 443, 445 (1974).

[12] *Vocational Tech. & Adult Educ. v. DILHR,* 76 Wis.2d 230, 240, 251 N.W.2d 41, 46 (1977).

over a year" is evidence of the lack of managerial or executive authority in the lieutenants.

It is our opinion that the record in this case supports, by more than substantial evidence, the findings of the WERC that the lieutenants were supervisory employees under sec. 111.70(1)(o), Stats., entitled to vote for a separate supervisory employees' collective bargaining unit under sec. 111.70(8), and were not management or executive employees under sec. 111.70(1)(b).

The trial court was correct in affirming the WERC order.

*By the Court.*—Order affirmed.