CUNA MUTUAL INSURANCE SOCIETY,
Petitioner-Respondent,

v.

Wisconsin DEPARTMENT OF REVENUE, Appellant.

Court of Appeals

*No. 83–075. Argued February 17, 1984.—Decided August 9, 1984.*
(Also reported in 355 N.W.2d 541.)

446

For the appellant there were briefs by *Bronson C. La Follette,* attorney general, and *Gerald S. Wilcox,* assistant attorney general, and oral argument by *Gerald S. Wilcox,* assistant attorney general.

For the petitioner-respondent there was a brief by *Judith W. Cooper,* of Madison, and oral argument by *Judith W. Cooper.*

Before Gartzke, P.J., Bablitch, J., and Dykman, J.

DYKMAN, J. The Department of Revenue determined that Cuna Mutual Insurance Society's publication *Dimensions* is subject to sales and use tax.[1] The Tax

---

[1] Section 77.52, Stats. (1977), imposes the state retail sales tax:

(1) For the privilege of selling . . . tangible personal property, including . . . supplies and materials, at retail a tax is hereby imposed upon all retailers . . . .

(2) For the privilege of selling . . . or furnishing the services herein described at retail in this state to consumers or users, a tax is hereby levied and imposed upon all persons selling . . . or furnishing such services . . . .

(a) The tax imposed herein applies to the following types of services:

. . . .

11. The producing, fabricating, processing, printing or imprinting of tangible personal property for a consideration for consumers who furnish directly or indirectly the materials used in the producing, fabricating, processing, printing or imprinting. This subdivision does not apply to the printing or imprinting of tangible personal property which will be subsequently transported outside the state for use outside the state by the consumer for advertising purposes.

. . . .

Appeals Commission affirmed the deficiency determination. We affirm the circuit court's reversal of the Tax Appeals Commission's order. The issue is whether *Dimensions* is "advertising", exempt from Wisconsin's sales and use tax under sec. 77.54(25), Stats. (1977). Because the Tax Appeals Commission erroneously interpreted sec. 77.54(25), we conclude that *Dimensions* is advertising, and therefore affirm the circuit court.

Cuna Mutual Insurance Society (CUNA) is a life insurance company whose business is to provide insurance for credit unions and their members. CUNA and its subsidiaries are known collectively as the CUNA Mutual Group and sell their products and services only to credit unions and credit union members. The record indicates that the publication *Dimensions* is produced and paid for by the CUNA Mutual Group and is sent monthly, free of charge, to all credit unions in the United States and 59 countries where companies within the Group do business. 94.3% of all copies of *Dimensions* are distributed outside of Wisconsin. *Dimensions* is a 16-page magazine containing a variety of articles relating to CUNA's products and services, CUNA's relationship to the credit union movement, and CUNA's commitment of selling to and servicing only credit unions and their members. Each issue of *Dimensions* is labeled a CUNA Group publication. CUNA considers *Dimensions* to be part of its advertising program.

Section 77.53, Stats. (1977), imposes the state use tax:

(1) An excise tax is hereby levied and imposed on the storage, use or other consumption in this state of tangible personal property or taxable services described in s. 77.52 purchased from any retailer . . . .

. . . .

Because 94.3% of all copies of *Dimensions* are distributed outside of Wisconsin, the Department of Revenue assessed the use tax on 94.3% of the payments CUNA made to Wisconsin printers for issues of *Dimensions* distributed outside Wisconsin. There is no dispute over the 5.7% of the issues distributed in Wisconsin.

*Scope of Review*

"In reviewing a circuit court order reversing an order of an administrative agency, an appellate court's scope of review is the same as that of the circuit court." *L&H Wrecking Co., Inc. v. LIRC,* 114 Wis. 2d 504, 508, 339 N.W.2d 344, 346 (Ct. App. 1983). Section 227.20(1), Stats., provides that judicial review is confined to the record. Section 227.20(5) requires the reviewing court to set aside or modify an agency's action if it finds that the agency has "erroneously interpreted a provision of law." Section 227.20(6) provides that if an agency's action is based upon a finding of fact which is not supported by "substantial evidence in the record" the reviewing court shall set aside the action.

In *Nottelson v. ILHR Department,* 94 Wis. 2d 106, 115–17, 287 N.W.2d 763, 768 (1980), the court said:

[O]ne of the most troublesome issues in administrative law is determining whether . . . the application of a statutory concept to a concrete fact situation, should be treated as a question of fact or of law for purposes of judicial review. In many cases we have said that the determination of whether the facts fulfill a particular legal standard is a question of law. . . . Nevertheless, merely labeling the question as a question of law and labeling the commission's determination as a conclusion of law does not mean that the court should disregard the commission's determination. [The application of a statutory interpretation to a concrete fact situation] calls for a value judgment, and judicial review of such a value judgment, though a question of law, requires the court to decide in each type of case the extent to which it should substitute its evaluation for that of the administrative agency. We have recognized that when the expertise of the administrative agency is signficant to the value judgment (to the determination of a legal question), the agency's decision, although not controlling, should be given weight. [Footnotes and citations omitted.]

*Interpretation of Section 77.54(25), Stats. (1977)*

Section 77.54(25), Stats. (1977) sets out the following exemption from sales and use taxes:

The gross receipts from the sale of and the storage of printed material *which is designed* to advertise and promote the sale of merchandise, or *to advertise the services of individual business firms,* which printed material is purchased and stored for the purpose of subsequently transporting it outside the state by the purchaser for use thereafter solely outside the state. [Emphasis added.]

The Commission made findings of fact in interpreting sec. 77.54(25), Stats. (1977). Finding #12 states:

*"Dimensions* advertises companies of the Cuna Mutual Insurance Group, their activities, products and services, and their commitment to the credit union movement."

Finding #14 states:

"The publication *Dimensions,* is used by and is helpful to agents of [Cuna] in marketing [its] line of services to its customers who receive the publication. [Cuna] competes with many major insurance companies for sales of services to credit unions but [Cuna] is the only organization which deals exclusively with credit unions and their members."

Finding #15 is termed a finding of fact but is a conclusion of law. It states:

"[Cuna's] publication, *Dimensions,* while including what could be characterized as advertising to promote [Cuna's] services and products, does not when taken as a whole constitute advertising or institutional advertising so as to qualify for the exemption under section 77.54 (25), Stats."

As the circuit court did in its review, we treat Finding #15 as a conclusion of law. A mislabeled finding will be

treated by the reviewing court as what it is rather than what it is called. *Connecticut General Life Ins. Co. v. DILHR,* 86 Wis. 2d 393, 405, 273 N.W.2d 206, 211 (1979). When reviewing an administrative agency's conclusions of law, the reviewing court is not bound by those conclusions but will sustain them if reasonable. *Bruns Volkswagen, Inc. v. DILHR,* 110 Wis. 2d 319, 322, 328 N.W.2d 886, 888 (Ct. App. 1982).

Tax exemption statutes are to be strictly construed in favor of taxation. *Ramrod, Inc. v. Department of Revenue,* 64 Wis. 2d 499, 504, 219 N.W.2d 604, 607 (1974). However, "non-technical words used in a statute are to be given their ordinary and accepted meaning when not specificaly defined, and this meaning may be ascertained from a recognized dictionary." *Kania v. Airborne Freight Corp.,* 99 Wis. 2d 746, 766, 300 N.W.2d 63, 71 (1981). "Advertise" is not defined in the statute. It is a non-technical word, not a term of art in tax law. Consequently, we are as capable as the Commission to determine the meaning of "advertise." *Pabst v. Department of Taxation,* 19 Wis. 2d 313, 324, 120 N.W.2d 77, 82–83 (1963).

*The American Heritage Dictionary of the English Language* 19 (New College ed. 1980), defines "advertise" as follows: "[t]o call the attention of the public to a product or business; . . . to proclaim the qualities or advantages of (a product or business) so as to increase sales." *Webster's Third New International Dictionary* 31 (4th ed. 1976), defines "advertise" as: "to call public attention to esp. by emphasizing desirable qualities so as to arouse a desire to buy or patronize . . . ." To advertise a product or service which is for sale to the public, it is necessary to draw the potential consumer's attention to it by presenting its good qualities and benefits, creating a desire to possess it. The potential con-

sumers Cuna has targeted are credit unions and their customers. The product for sale is insurance. The record shows that *Dimensions* is a publication containing only articles and advertisements about the companies of the Cuna Mutual Group, their activities, and their commitment to the credit union movement, the products and services of the Group's companies, and their employees.

The Commission's conclusion (Finding #15) that *Dimensions* is not advertising, and so does not fall within sec. 77.54(25), Stats. (1977), is contradicted by its own findings (Findings #12 and #14). These findings are supported by substantial evidence in the record. Copies of the publication were made part of the record and CUNA's agents testified at the hearing, explaining their companies' use of *Dimensions* to sell products and services. In addition, the Commission made no finding that *Dimensions* had any purpose other than to advertise CUNA's companies. Thus Finding #15 does not follow logically from the Commission's Findings (#12 and #14 particularly) and is therefore not a reasonable conclusion of law. In fact, the evidence in the record and the Commission's own findings support an opposite conclusion—that *Dimensions* is advertising. Because the Commission's decision is an erroneous interpretation of the law, sec. 227.20(5), Stats., and because it is not supported by the evidence in the record, sec. 227.20(6), we must set aside its determination.

Appellant contends that the circuit court used an incorrect standard of review, citing a portion of sec. 227.20 (6), Stats.: "the court shall not substitute its judgment for that of the agency as to the weight of the evidence on any disputed finding of fact." As we have indicated, the finding at issue (#15) is not a finding of fact but is instead an erroneous conclusion of law, not supported by substantial evidence in the record.

Appellant argues that *Dimensions* is a "house organ" publication and is therefore not advertising. Appellant defines "house organ" as a publication issued by a business which is intended to further its interests among employees and customers. We conclude that a publication meeting this definition is not excluded from the definition of "advertising." While *Dimensions* may be a "house organ," it may also be "advertising."

Respondent had initially argued that an additional basis for exemption existed under sec. 77.51 (16), Stats. (1977), a provision relating to use taxes.[2] Respondent made this argument because appellant had not stated whether it was imposing a sales or a use tax. Now that appellant has argued in its brief that the tax sought to be imposed is a sales tax, sec. 77.51 (16) is not applicable here.

*By the Court.*—Order affirmed.

[2] Section 77.51 (16), Stats. (1977), provides:

"Storage" and "use" do not include the keeping, retaining or exercising any right or power over tangible personal property for the purpose of subsequently transporting it outside the state for use thereafter solely outside the state, or for the purpose of being processed, fabricated, or manufactured into, attached to or incorporated into other property to be transported outside the state and thereafter used solely outside the state.