EAU CLAIRE COUNTY, Petitioner-Respondent,

Thomas H. BARLAND, William D. O'Brien and
Karl F. Peplau, Intervening-Petitioners,

v.

WISCONSIN EMPLOYMENT RELATIONS COMMISSION and
Wisconsin Council of County and Municipal Employees,
AFSCME, AFL–CIO, Respondents-Appellants.

Court of Appeals

*No. 84–298. Submitted on briefs September 4, 1984.—
Decided December 4, 1984.*
(Also reported in 362 N.W.2d 429.)

For the appellant Wisconsin Employment Relations Commission the cause was submitted on the briefs of *Bronson C. La Follette,* attorney general, and *David C. Rice,* assistant attorney general.

For the appellant Wisconsin Council of County and Municipal Employees the cause was submitted on the briefs of *Lawton & Cates* and *Bruce F. Ehlke* of Madison.

For the respondent the cause was submitted on the brief of *Keith R. Zehms,* corporation counsel.

Before Foley, P.J.,[1] Dean and Cane, JJ.

DEAN, J.  The Wisconsin Employment Relations Commission and the Wisconsin Council of County and Municipal Employees appeal the judgment reversing the commission's determination that Eau Claire County's combined position of register in probate and probate registrar is not within the "managerial" exception to the Municipal Employment Relations Act (MERA), sec.

[1] This opinion was circulated and approved before Judge Foley's death.

111.70 (1) (b), Stats.[2] Because we conclude that the register in probate/probate registrar is a managerial employee as that term has been interpreted by the commission, we affirm.

The council petitioned the commission for an order clarifying an existing courthouse bargaining unit represented by the council. The county sought ch. 227, Stats., judicial review after the commission included the register in probate/probate registrar among the "municipal employees" eligible for collective bargaining under MERA. The commission examined the position's statutory duties under ch. 865, Stats., the county's job description, and the incumbent's testimony. It determined that the position possesses no significant managerial or supervisory authority or duties. The circuit court concluded that the commission's factual findings were not supported by substantial evidence and that the commission made a material error of law in finding that the register in probate/probate registrar was not a managerial employee. An appellate court applies the same standard of review under ch. 227. *Boynton Cab Co. v. DILHR,* 96 Wis. 2d 396, 405, 291 N.W.2d 850, 855 (1980).

This appeal involves the commission's construction of sec. 111.70 (1) (b) and the commission's application of the statute to the facts in this case. The construction of a statute and its application to a particular set of facts is a question of law. *Bucyrus-Erie Co. v. DILHR,* 90 Wis. 2d 408, 417, 280 N.W.2d 142, 146–47 (1979). Although the commission's resolution of questions of law does not bind an appellate court, some deference is appropriate because the application of MERA requires the commission's expertise. *Berns v. WERC,* 99 Wis. 2d 252, 261, 299 N.W.2d 248, 253 (1980). If the commission's statu-

---

[2] Renumbered as sec. 111.70 (1) (i), Stats., in Wis. Stat. Ann. at 207 (West Supp. 1984–85).

tory interpretation reflects a practice or position long continued, substantially uniform, and without challenge by governmental authorities and courts, we accord it great weight and sustain it if it is a rational interpretation of MERA. *Id.* This deference also extends to an agency's application of a particular statute to the facts. *Wisconsin's Environmental Decade, Inc. v. Public Service Commission,* 98 Wis. 2d 682, 694, 298 N.W.2d 205, 209 (Ct. App. 1980).

Under MERA, municipal employees are given an opportunity to bargain collectively with their municipal employer. Section 111.70(6), Stats. The definition of municipal employee excludes a managerial employee. Section 111.70(1)(b), Stats. In *City of Milwaukee v. WERC,* 71 Wis. 2d 709, 716–17, 239 N.W.2d 63, 67 (1976), the supreme court approved the commission's definition of managerial personnel as those employees who participate in the formulation, determination, and implementation of management policy or who possess effective authority to commit the employer's resources. Since *City of Milwaukee,* the commission has refined its interpretation. The commission interpreted the power "to commit the employer's resources" to mean the authority to establish an original budget or to allocate funds for differing program purposes from such an original budget. The authority to make ministerial expenditures, such as the authority to spend money from a certain account for a specified purpose, was excluded. The commission relied on this expanded interpretation in determining that municipal employee includes the Eau Claire County register in probate/probate registrar.

We must sustain the commission's interpretation of sec. 111.70(1)(b) if there is a rational basis for its conclusion. The commission adopted its expanded interpretation of managerial employee in 1977, and the commission

has had longstanding practice in distinguishing between municipal and managerial employees. The construction has been previously used. Finally, the record does not indicate that the interpretation has been significantly challenged. *See Blackhawk Teacher's Federation v. WERC,* 109 Wis. 2d 415, 423, 326 N.W.2d 247, 252 (Ct. App. 1982).

Using this deferential standard, we accept the commission's interpretation. The interpretation is reasonable and is consistent with the purposes of MERA. *See City of Milwaukee,* 71 Wis. 2d at 717, 239 N.W.2d at 67. The meaning of "to commit the employer's resources" was not addressed by the court in *City of Milwaukee,* but the court recognized that such authority sets these employees apart from the community of interests shared by municipal employees. *Id.* at 716, 239 N.W.2d at 67. By applying the phrase only to those employees with budgetary powers, the commission effectively distinguishes those employees with managerial interests from their co-workers. A broader interpretation to include any employee able to commit resources in any manner would result in employees being termed managerial who did not have "interests significantly at variance with those of other employees." *Id.* The exclusion of ministerial authority to commit resources is also rationally based. Such authority does not set the employee's interests apart from municipal co-workers.

Applying the statute, the commission concluded that the register in probate/probate registrar was a municipal employee and not a managerial employee. The commission's conclusion that the register in probate/probate registrar does not participate in the formulation, determination, and implementation of management policy is rationally based and relies on facts and findings supported by substantial evidence. A managerial employee

must formulate and determine policy, as well as implement it. *Id.* at 717, 239 N.W.2d at 68. Although the probate registrar has considerable statutory authority, the county's job description states that the register in probate/probate registrar reports to the court. Because the circuit court has final approval over all of the position's activities, the commission correctly concluded that the position does not involve the formulation, determination, and implementation of management policy.

The commission also concluded that the register in probate/probate registrar does not have the power to commit employer resources because the incumbent does not establish an original budget. The commission made several factual findings to support its conclusion. The commission found that the incumbent prepared requests for supplies and equipment and forwarded them to the county board for approval. In the memorandum opinion accompanying its order, the commission found that the register in probate/probate registrar assists in establishing the specific items to be included in her office's budget. It further found that, while the incumbent communicates her opinion to the county board, the board establishes the budget.

Accepting the facts as found by the commission, we conclude that the commission's application of the statute has no rational basis. Although the county board has final authority to establish the county budget, sec. 65.90, Stats., the board cannot be the only county body that establishes an original budget. No county employee could qualify as a managerial employee by this route if we were to accept the commission's reasoning that the communication of an opinion about an office's budget to the county board is insufficient. "Establishing an original budget" must necessarily mean something more than independent budgetary authority or the power to force the county board

to accept a proposed budget. The circuit court accurately noted that budgets are typically prepared for positions or departments and incorporated in the final and formal county budget. We conclude that, by forwarding a recommended budget to the county board, the register in probate/probate registrar followed this usual practice and created an original budget. While we approve of the commission's narrow interpretation of managerial employee, the commission cannot apply the statute as interpreted to effectively eliminate one route for determining managerial status.[3]

*By the Court.*—Judgment affirmed.

---

[3] For the first time on appeal, the county raises another ground to support the circuit court's decision. The county argues that application of sec. 111.70, Stats., is inconsistent with the court's statutory rights to appoint and remove registers in probate and probate registrars, secs. 851.71 and 865.065, Stats., and that the statutes cannot be harmonized. It also claims that the separation of powers doctrine is violated. Because of our resolution of this case, we decline to address the county's arguments.