KEWAUNEE COUNTY, Petitioner-Respondent,

v.

WISCONSIN EMPLOYMENT RELATIONS
COMMISSION, Respondent-Co-Appellant,

COUNCIL 40 & LOCAL 2959, AFSCME, AFL-CIO,
Respondent-Appellants.

Court of Appeals

*No. 86–1800. Orally argued June 23, 1987.—Decided August
11, 1987.*

(Also reported in 415 N.W.2d 839.)

348

For respondents-appellants there were briefs and oral argument by *Bruce F. Ehlke* of *Lawton & Cates, S.C.* of Madison.

For respondent-co-appellant there were briefs by *Donald J. Hanaway,* attorney general, and *John D. Niemisto,* assistant attorney general, and oral argument by *John D. Niemisto,* of Madison.

For petitioner-respondent there was a brief by *John M. Spindler* and *Joan Ravanelli Miller* of *Nash, Spindler, Dean & Grimstad,* of Manitowoc.

Before Cane, P.J., LaRocque and Myse, JJ.

MYSE, J. The Wisconsin Employment Relations Commission (WERC) and Local 2959 of the Wisconsin Council of County and Municipal Employees, No. 40, AFSCME, AFL-CIO (union), appeal a judgment reversing the commission's determination that Lorraine Reimer, a Kewaunee County employee holding the combined positions of register in probate, probate registrar, and probate court commissioner, was a municipal employee entitled to the collective bargaining rights set forth in the Municipal Employment Relations Act (MERA), secs. 111.70 to 111.77, Stats. They argue that the circuit court erroneously determined that Reimer was precluded from union membership because her positions involve duties falling within the "managerial" exception to MERA. They also argue that the court erroneously concluded that because county judges have the statutory authority to appoint and discharge registers in probate, probate registrars, and probate court commissioners, a special exception exists in determining whether MERA applies to such officials. We agree with the commission and the union on both issues. The judgment is reversed.

In June, 1984, the county filed a petition with the commission that sought to exclude Reimer from the union's collective bargaining unit. Relying on sec. 111.70(1)(i), Stats., the county argued that Reimer's duties as register in probate/probate registrar/probate court commissioner were of a supervisory, managerial, or executive nature, and that, there-

fore, she was not a municipal employee falling within the scope of MERA. Section 111.70(1)(i) defines a municipal employee as "any individual employed by a municipal employer other than ... [a] supervisor ... managerial or executive employe."

The commission determined that Reimer's function did not involve supervisory, managerial, or executive duties and that, therefore, she was a municipal employee as defined in sec. 111.70(1)(i). In making this determination, the commission noted that because Reimer's duties were defined by statute, there was little, if any, opportunity for her to affect the formulation, determination, or implementation of management policy.

The commission also determined that Reimer's budget preparing duties failed to establish that she was a managerial employee. The commission found that Reimer did not possess effective authority to commit the county's resources. The commission noted that, with one exception, the 1985 budget prepared by Reimer contained the same appropriations for the same kind of expenditures as the 1984 budget that had been prepared by the judge. Consequently, the commission concluded that these duties were ministerial because Reimer's budgetary duties involved only projecting the cost of continuing current operations.

The county appealed the commission's decision to the circuit court. The court agreed with the commission that Reimer's positions did not provide an opportunity to significantly affect the formulation, determination, or implementation of management policy and that, therefore, her duties were not supervisory or executive in nature. However, relying on *Eau Claire County v. WERC,* 122 Wis. 2d 363, 366, 362 N.W.2d 429, 430–31 (Ct. App. 1984), the court determined that

Reimer was a managerial employee because she had effective authority to commit the county's resources. In *Eau Claire,* we held that a register in probate/probate registrar did have such authority because "by forwarding a recommended budget to the county board, the register in probate ... created an original budget." *Id.* at 369, 362 N.W.2d at 432. The circuit court concluded that *Eau Claire* was controlling because Reimer's duties included preparing the budget and submitting it to the county board for its approval.

In reversing the commission's decision, the court determined that the unique nature of Reimer's positions created a special exception to the normal indicia used to determine whether an employee should be eligible for union membership. The court noted that a judge is empowered by statute to appoint, discharge, and describe the working conditions of registers in probate, probate registrars, and probate court commissioners. Sections 757.72(4), 851.71(1), and 865.065(1), Stats. Therefore, the court concluded that these statutory powers would conflict with an individual's collective bargaining rights under MERA.

On appeal, the commission and the union contend that the circuit court erroneously applied *Eau Claire* in determining that Reimer's budgetary duties demonstrated that she was a managerial employee. Conversely, the county contends that in light of *Eau Claire,* the court correctly determined that because Reimer prepared and submitted the budget to the county board for its approval, she was a managerial employee. We conclude that the county and the circuit court misinterpret our holding in *Eau Claire.* We also conclude that the commission's determination that Reimer is not a managerial employee is supported by

the evidence. Finally, we conclude that no conflict between the court's statutory powers and the MERA exists. A judge appointing an individual to such a position would not be bound by the provisions of an employment contract between a union representing that individual and a county if these provisions restricted the constitutionality to discharge its duties.

In reaching our decision, we must examine the underlying facts of this case. No bright-line test exists for determining whether an individual employed as a register in probate, probate registrar, or probate court commissioner is subject to MERA and is therefore eligible for union membership. Rather, this determination involves a case-by-case examination of the duties, responsibilities, and powers of these offices. *See Eau Claire,* 122 Wis. 2d at 367–68, 362 N.W.2d at 431; *see also Village of Whitefish Bay v. WERC,* 103 Wis. 2d 443, 448, 309 N.W.2d 17, 20 (Ct. App. 1981).

A two-fold analysis is used to determine whether an employee is "managerial" within the meaning of sec. 111.70(1)(i). Under the first test, a court determines whether the employee participates in the formulation, determination, and implementation of management policy. *Eau Claire,* 122 Wis. 2d at 367–68, 362 N.W.2d at 431. It is undisputed that Reimer is not a managerial employee under this test. Under the second test, a court determines whether the employee possesses effective authority to commit the employer's resources. *Id.* This authority is defined as the power to establish an original budget or to allocate funds for differing program purposes under such a budget. *Id.* However, the power to make ministerial expenditures is not a factor. *Id.*

In *Eau Claire,* the issue was whether the managerial exception to MERA involving an employee's authority to commit the employer's resources was applicable, in light of the requirement that the county board approve a departmental budget before its implementation. *Id.* at 368–69, 362 N.W.2d at 432. We concluded that the ability to prepare and submit an original budget to the board was sufficient authority to commit the county's resources because a contrary finding would have rendered the second test of the managerial analysis meaningless. *Id.*

The county's reliance on *Eau Claire* is misplaced. *Eau Claire* did not define what budgetary duties an employee must possess to establish that he or she has effective authority to commit an employer's resources. That issue was not raised. Rather, in *Eau Claire* we addressed whether the authority to expend an employer's resources may exist even though ultimate authority to appropriate the funds lies with the board. The language of the decision should not be read as equating the ministerial task of reducing a budget to writing and submitting it to the county board with the authority to prepare an original budget. The two concepts differ in substance if not in form.

Here, the commission determined that preparing and submitting a budget to the county board, standing alone, did not establish managerial status under sec. 111.70(1)(i). In making this determination, the commission refined the meaning of "effective authority to commit an employer's resources" under the managerial test defining the term "original budget" described in *Eau Claire.* The commission noted that to be considered managerial, an employee's budget preparing duties must necessarily involve the authority to determine "the kind and level of services to be

provided; the kind and number of employees to be utilized in providing services; the kind and number of capital improvements to .be made; and the system by which the services will be provided, including the use of outside contractors."

The interpretation of a statute presents a question of law that is reviewed without deference. Section 227.57(5), Stats. Nevertheless, in light of an agency's expertise in a given area, we will sustain its interpretation if it rests upon a rational basis and is consistent with the purposes of the statute. *City of Milwaukee v. WERC,* 71 Wis. 2d 709, 715, 239 N.W.2d 63, 66 (1976); *see also* sec. 227.57(10), Stats. The commission's expertise in distinguishing between municipal and managerial employees is well established. *City of Milwaukee,* 71 Wis. 2d at 714, 239 N.W.2d at 66.

The commission's interpretation of sec. 111.70(1)(i) is reasonable and consistent with the purposes of MERA, which is to permit municipal employees desiring an opportunity to collectively bargain with the municipal employer. For an employee's budgetary duties to constitute effective authority to commit an employer's resources, the employee must possess the discretionary power to determine the type and level of services to be provided and the manner and means by which those services will be delivered.

Formulating a budget, as opposed to merely submitting a budget, involves determining the services required, the number of persons necessary to deliver those services, and the quantity and type of equipment and supplies required to provide those services. Consequently, to possess effective authority

to commit an employer's resources, an employee preparing a budget must possess the authority to effectively recommend the amount and the manner in which funds will be expended in support of each of the services provided. This distinction is consistent with the purposes of MERA because it effectively distinguishes those employees who possess managerial interests from those who do not. *See Eau Claire,* 122 Wis. 2d at 367-68, 362 N.W.2d at 431.

In light of the above, we confirm the commission's determination that budgetary duties involving the ministerial act of reducing numbers to paper and submitting them to the board fails to meet the test of submitting an original budget. This test focuses on the power to determine the manner and method by which the office discharges its responsibility. Submitting last year's budget if it reflects the affirmative decisions of the person preparing the budget is sufficient to meet this test. Submitting a budget that does not reflect the decisions of its preparer is not an original budget and fails this test.

We must next determine whether the evidence supports the commission's determinations that Reimer's budgetary duties are ministerial and that, consequently, she is not a managerial employee.

In reviewing an agency's findings, this court applies the same standard as the circuit court. *CUNA Mutual v. Wisconsin Dept. of Revenue,* 120 Wis. 2d 445, 451, 355 N.W.2d 541, 544 (Ct. App. 1984). Review is confined to the record. Section 227.57(1), Stats. An agency's finding of fact will not be disturbed if supported by substantial evidence. *Gilbert v. State,* 119 Wis. 2d 168, 195-96, 349 N.W.2d 68, 80 (1984); sec. 227.57(6), Stats. Substantial evidence is "such relevant

evidence as a reasonable mind might accept as adequate to support a conclusion." *Gilbert,* 119 Wis. 2d at 195–96, 349 N.W.2d at 80. If more than one inference can be reasonably drawn from the evidence, the agency's determination is conclusive. *Vocational Tech. v. DILHR,* 76 Wis. 2d 230, 240, 251 N.W.2d 41, 46–47 (1977); sec. 227.57(6), Stats.

The commission's determination that Reimer's budgetary duties failed to confer managerial status is supported by substantial evidence. This determination was based upon the testimony of Reimer and a county board member as well as various documents that described Reimer's official duties. With one minor exception, the 1985 budget Reimer prepared contained the same appropriations for the same type of expenditures as the 1984 budget prepared by the judge. Based upon this evidence, the commission found that Reimer's authority was limited to adopting an existing budget with adjustments for the anticipated changes in the cost of supplies. Consequently, her budgetary duties primarily involved projecting the cost of continuing current operations. Therefore, the act of preparation did not reflect policy decisions Reimer made. The commission determined that Reimer's budgetary duties were ministerial, and did not confer managerial status and that, accordingly, she was a municipal employee within the purview of MERA. Because these findings are supported by the evidence and reasonable inferences drawn therefrom, we are required to accept them as conclusive even though a contrary finding may be reached from the same evidence. *Id.*

Finally, the county argues that permitting Reimer to invoke her collective bargaining rights under MERA would not only violate the separation of

powers doctrine and interfere with a judge's statutory authority to appoint and discharge, but also disrupt the working conditions of registers in probate, probate registrars, and probate court commissioners. Sections 757.72(4), 851.71(1), and 865.065(1), Stats.

■

Whenever possible, MERA must be harmonized with other provisions of the law. *Glendale Prof. Policemen's Ass'n v. City of Glendale,* 83 Wis. 2d 90, 103–04, 264 N.W.2d 594, 601 (1978); *see also Muskego-Norway Con. Sch. v. WERB,* 35 Wis. 2d 540, 556, 151 N.W.2d 617, 624–25 (1967). The separation of powers doctrine prohibits the legislature from acting in certain spheres that are exclusively within the province of the courts. *State v. Holmes,* 106 Wis. 2d 31, 46, 315 N.W.2d 703, 710 (1982). The doctrine does not, however, prohibit the legislature from exercising its legislative powers in areas that may in some way affect the judicial branch. *Id.* The legislature's declarations must be implemented insofar as they do not embarrass the courts or impair their constitutional function. *Id.*

■

Here, MERA can be harmonized with the separation of powers doctrine and a court's statutory authority to appoint persons to and discharge them from the offices of register in probate, probate registrar, and probate court commissioner. Provisions in a labor contract that are contrary to law are unenforceable. *WERC v. Teamsters Local No. 563,* 75 Wis. 2d 602, 612, 250 N.W.2d 696, 701 (1977). Thus, any provision in a collective labor agreement between the union and the county that hampers a court in its operation or interfers with its constitutional functions would be void. Furthermore, any contractual provision that

358

conflicts with the authority vested in a judge to appoint or remove someone from such a position would also be void. Reimer may invoke her rights under MERA and negotiate with the county on those labor matters not entrusted to the courts.

*By the Court.*—Judgment reversed.[1]

CANE, P.J. (*dissenting*). I agree with the majority opinion until it concludes that there is substantial evidence to support the commission's conclusion that Reimer's budgetary duties were ministerial. I disagree with the conclusion that Reimer's authority was limited to adopting an existing budget with adjustments for anticipated changes in the cost of supplies or level of existing services and that, consequently, her budgetary duties primarily involved projecting the cost of continuing current operations. Because Reimer's authority to prepare her department's budget was more than ministerial in nature, I would affirm the circuit court.

We are concerned only with the second test, i.e., whether the employee had the effective authority to commit the employer's resources. I agree with the commission's interpretation that this means the authority to establish an original budget or to allocate funds for differing program purposes from an original budget. I also agree that an employee does not qualify as a managerial employee when the authority to

---

[1]The union contends that it was denied due process of law because the circuit court rendered its decision without a hearing or the submission of trial briefs. Because we conclude that Reimer is not a managerial employee within the meaning of sec. 111.70(1)(i) and that conclusion is dispositive of this appeal, we do not address this issue. *See Gross v. Hoffman,* 227 Wis. 296, 300, 277 N.W. 663, 665 (1938).

prepare the budget is merely ministerial in nature. Consequently, an employee whose duties are limited to projecting the costs of continuing current operations does not obtain managerial status under this test.

Here, the commission found that Reimer's 1985 budget contained appropriations for the same kinds of expenditures as the 1984 budget that was prepared by the judge. It also found that the judge assisted her in preparing the 1985 budget. From these findings, it concluded that her budgetary duties were ministerial in nature because the decision to conduct the operations was made by the judge and her budgetary duties primarily involved projecting the cost of the continuing current operations. These findings are not supported by the evidence.

Reimer testified that she prepared her budget for the office of register in probate in 1985, which was a separate budget from the circuit court budget. She indicated that the judge had seen the budget because she had to work with him to get the breakdowns for some months prior to the time she started to work in this office. The commission's factual finding that the judge assisted her in the preparation of the budget is unsupported by the evidence. Reimer's asking the judge for information from previous years does not result in the judge "assisting" her or in the budget being prepared for another.

The judge operates the court but it is Reimer who has the independent responsibility to make certain the administrative functions are done to support the court. How and what manner she does that is her decision. Her budget, however, is not that of another or ministerial merely because her office operations are court related. Subject to county board approval,

Reimer has the sole authority to determine the number and kind of employees to be utilized in providing these services, the kind and nature of any capital expenditures to be made, and the system by which the services would be provided.

The commission must determine only whether she has the authority to make these types of decisions in submitting the budget, not whether she in fact exercised this authority. For example, the fact that in 1985 Reimer did not provide for any large capital expenditures is not relevant. The undisputed fact is that she had the sole authority to decide what capital expenditures were necessary to operate her office.

Prior to 1985, the budget for the offices of register in probate, probate registrar, and probate court commissioner was included in the circuit court budget. Thus, the 1985 budget was the first separate budget for this office. The fact that many of the appropriations had similar accounts to the budget for the prior years is not unusual and should be expected. However, the appropriation amounts she requested for the various categories differed. For example, the 1985 budget contained an appropriation for the library for which no expenditure had been made in 1984. She did not simply fill in the blanks for the budget or extend the 1984 budget. Rather, she prepared an original budget that she deemed necessary to operate her office.

Admittedly, her budget is not a large budget when compared to the other county offices. However, the size of the budget is not what should be relied upon to determine whether the employee possesses authority to commit the county's resources. The undisputed fact is that she had the authority to prepare an original annual budget for her office and she did exercise that

authority when preparing a budget based on her forecasts. Therefore, I would conclude from the evidence that the commission had no alternative but to conclude that Reimer was a managerial employee. She had the effective authority to submit an original budget, and her budget duties were not ministerial in nature.