MANITOWOC COUNTY, Plaintiff-Respondent,

Allan J. DEEHR, Darryl W. Deets and Fred H. Hazlewood, Circuit Court Judges for Manitowoc County, Impleaded-Plaintiffs-Respondents,

v.

LOCAL 986A, AFSCME, AFL-CIO and Michael J. Wilson, Defendants-Appellants.†

Court of Appeals

*No. 91–0751. Oral argument August 6, 1992.—Decided August 26, 1992.*

(Also reported in 489 N.W.2d 722.)

† Petition to review denied.

On behalf of the defendants-appellants, there were briefs and oral argument by *Bruce F. Ehlke* of *Lawton & Cates, S.C.* of Madison.

On behalf of the plaintiff-respondent, there was a brief and oral argument by *Bryan J. Fischer,* corporation counsel for Manitowoc county.

On behalf of the impleaded-plaintiffs-respondents, there was a brief by *James K. Ruhly* and *Susan C. Sheeran* of *Melli, Walker, Pease & Ruhly, S.C.* of Madison, with oral argument by *James K. Ruhly.*

Before Nettesheim, P.J., Brown and Snyder, JJ.

NETTESHEIM, P.J. On this appeal, we determine that the circuit judges for Manitowoc county had the statutory authority to issue an order which appointed a register in probate, assigned certain duties and powers to that position, and decreed that the register in probate is not a municipal employee under sec. 111.70(1)(i), Stats., of the Municipal Employment Relations Act (MERA).[1] We therefore affirm the circuit

---

[1]This controversy makes its second appearance in the court of appeals. In the earlier appeal, we reversed a trial court determination that the judges' order was invalid. Our reversal, however, was on the limited grounds that the issue was not ripe for judicial determination because the circuit judges had not been made parties to the action and were not bound by the trial court's ruling. *Manitowoc County v. Courthouse Bargaining Unit, Local 986A,* No. 88–1014, unpublished slip op. at 5 (Wis. Ct. App. Apr. 5, 1989). Thereafter, the judges were named and joined as parties and this second appeal ensued.

court judgment which upheld the order, albeit on different grounds.

The facts in this case are undisputed. On September 2, 1986, Manitowoc County Circuit Judges Allan J. Deehr, Fred H. Hazlewood and Leon H. Jones issued the following order:[2]

> WHEREAS the present Register in Probate and Probate Registrar has resigned effective September 1, 1986; and
>
> WHEREAS Section 851.71(1) of the Wisconsin Statutes mandates that the judges of the county appoint a Register in Probate subject to the approval of the Chief Judge and Section 865.065 of the Wisconsin Statutes authorizes the judges of the county to appoint a Probate Registrar;
>
> NOW, THEREFORE, ON THE MOTION OF THE CIRCUIT JUDGES OF MANITOWOC COUNTY:
>
> IT IS HEREBY ORDERED pursuant to Section 851.71(1) of the Wisconsin Statutes that JoAnn Monka be appointed Register in Probate for the Circuit Courts of Manitowoc County.
>
> IT IS FURTHER ORDERED pursuant to Section 757.72 of the Wisconsin Statutes that the Register in Probate shall have the duties and powers of a Probate Court Commissioner to:
>
> I.   Administer oaths, take depositions and testimony, and certify and report the depositions and testimony, take and certify acknowledgements, allow accounts and fix the amount and approve the sufficiency of bonds; and
>
> II.   Determine any probate matter over which the Circuit Judges of Manitowoc County have juris-

---

[2]Subsequent to this order, Judge Jones retired. He was succeeded by the Honorable Darryl W. Deets. Thus, Judge Deets now is designated as one of the impleaded respondents on this appeal.

diction, and sign any order or certificate required in such determinations, except the following matters over which the Circuit Judges hereby retain jurisdiction:

A.  Will contests

B.  Claims in dispute

C.  Other disputed matters requiring an evidentiary hearing.

III.  Affix the signature of the Circuit Judges by means of signature stamp to all documents referred to in Paragraph II.

IT IS FURTHER ORDERED that in addition to the duties specified in Section 851.72 of the Wisconsin Statutes that the Register in Probate:

I.  Act as a department head in all dealings with the Manitowoc County Board and its committees;

II.  Prepare and administer the annual budget for the Office of Register in Probate and Probate Registrar; and

III.  Supervise all Deputy Registers in Probate and Probate Registrars, including part-time or temporary employees of the office, in the performance of their duties, work schedules and discipline.

IT IS FURTHER ORDERED that pursuant to Section 856.065 of the Wisconsin Statutes that JoAnn Monka be appointed Probate Registrar for the Circuit Courts of Manitowoc County.

IT IS FURTHER ORDERED pursuant to the holding of Eau Claire County vs WERC 122 Wis. 2nd 363, 362 N.W.2nd 429 (1984) and the Doctrine of Separation of Powers that the Register in Probate and Probate Registrar not be considered a Municipal employee as defined by Section 111.70(1)(i) of the Wisconsin Statutes for collective bargaining purposes.

Prior to this order, the Manitowoc county register in probate position was part of the bargaining unit. In response to the order, the union, Local 986A, AFSCME, AFL-CIO, contended that the judges had exceeded their power and that the register in probate position was still part of the bargaining unit. The union sought to pursue a grievance on this issue with the employer, Manitowoc county. The county refused the grievance and responded instead with this declaratory judgment action.

In the trial court, the county argued that the order represented a valid exercise of the judges' inherent powers under the separation of powers doctrine. The union responded that the probate court is a statutory, not a constitutional, court and that the doctrine of inherent powers under the separation of powers doctrine does not apply to such statutory courts. The circuit court agreed with the county. The union appeals.

On appeal, both the county and the union continue their debate as to whether the probate courts are of constitutional or statutory dimension and whether the judges' order is a valid exercise of their inherent powers under the separation of powers doctrine. We conclude, however, that we need not address this issue on such lofty grounds. Instead, we conclude that the order represents a valid exercise of the judges' statutory powers.[3]

In *Eau Claire County v. WERC*, 122 Wis. 2d 363, 362 N.W.2d 429 (Ct. App. 1984), in addition to its prescribed statutory duties, the register in probate also made budgetary requests on behalf of the register in probate's office and forwarded such requests to the county board. *Id.* at 369, 362 N.W.2d at 432. Although such action did not constitute the "authority to commit the [county's] resources," *id.* at 366, 362 N.W.2d at 431,

---

[3]At oral argument, we probed the statutory implications of this case with the parties.

the court of appeals nonetheless concluded that such action served to "create an original budget" and thus rendered the register in probate a managerial employee. *Id.* at 369, 362 N.W.2d at 432.

The court of appeals, however, refined and narrowed *Eau Claire County* in *Kewaunee County v. WERC,* 141 Wis. 2d 347, 415 N.W.2d 839 (Ct. App. 1987). There, the court explained that *Eau Claire County* stood only for the proposition that the register in probate can be a managerial employee even though the register in probate does not have the authority to commit the employer's resources. *Id.* at 354, 415 N.W.2d at 842. The *Kewaunee County* court cautioned, however, that *Eau Claire County* should not be read "as equating the ministerial task of reducing a budget to writing and submitting it to the county board with the authority to prepare an original budget." *Id.* Instead, the *Kewaunee County* court stated that each case turns on its individual facts and that "[n]o bright-line test exists for determining whether an individual employed as a register in probate, probate registrar, or probate court commissioner is subject to MERA and is therefore eligible for union membership." *Id.* at 353, 415 N.W.2d at 841.

According the appropriate deference to the agency's findings and expertise, the court in *Kewaunee County* went on to conclude that the register in probate's budgetary duties of "reducing numbers to paper and submitting them to the [county] board fails to meet the test of submitting an original budget." *Id.* at 356, 415 N.W.2d at 842–43. Thus, the court concluded that the register in probate, under the facts of that case, was a municipal employee and covered by MERA. *Id.* at 357, 415 N.W.2d at 843.

This is an action for declaratory relief. It is not a judicial review of a WERC proceeding by which we would have an administrative evidentiary record for review. Moreover, the parties here did not seek an evidentiary hearing at which the duties of the register in probate could have been more fully probed. Thus, the only factual data before us is the judges' order. As such, the relevant and controlling facts are undisputed. In such a case, the issue is one of law and we owe no deference to the ruling of the trial court. *See State v. Williams,* 104 Wis. 2d 15, 21-22, 310 N.W.2d 601, 604-05 (1981).

Here, in addition to appointing Monka as register in probate and conferring the duties of that position and those of probate court commissioner upon the register in probate, the judges' order also directs the register in probate to "prepare and administer" the register in probate's annual budget. WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 1790 (1976) defines "prepare," in part, as "to work out beforehand: plan the details of." The same source defines "administer" as "to manage the affairs of . . . to direct or superintend the execution, use or conduct of." *Id.* at 27. These definitions do not suggest the limited ministerial function revealed in *Kewaunee County. Kewaunee County,* 141 Wis. 2d at 357, 415 N.W.2d at 843.

Moreover, the judges' order in this case is not limited to only budgetary responsibilities. The order also directs the register in probate to serve as a department head in all dealings with the county, and to supervise all deputy registers in probate. These are sweeping powers which effectively establish the register in probate as the administrative head over the entire probate branch of court. We conclude that such supervisory duties clearly

establish the register in probate as a managerial employee.

We reject the union's argument that the judges are without statutory authority to make such a grant of supervisory authority. Section 851.72, Stats., sets out the duties of a register in probate. These include the obligation to "[p]erform any other administrative duties as the judge directs." Section 851.72(6). The union argues that the supervisory powers granted by the judges' order are not "administrative" within the meaning of the statute. We disagree. Again we look to Webster's Dictionary which defines "administration" as "performance of executive duties: MANAGEMENT, DIRECTION, SUPERINTENDENCE." WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY at 28. We conclude that the supervisory duties conferred qualify as administrative duties within the meaning of sec. 851.72(6).

We conclude with the input of the supreme court on this question. In *Iowa County v. Iowa County Courthouse/Social Servs. Employees, Local 413*, 166 Wis. 2d 614, 480 N.W.2d 499 (1992), the court upheld the authority of the Iowa county probate court to appoint a register in probate in the face of a bargaining agreement which included the register of probate in the bargaining unit. Just as we have concluded here, the supreme court in *Iowa County* saw no need to address the union's contention that the probate court's genesis did not lie in the constitution; thus the court did not address the inherent powers/separation of powers question. *Id.* at 618, 480 N.W.2d at 501. Instead, the court limited its discussion to sec. 851.71(1), Stats., which authorizes judicial appointment and removal of the register in probate. The court concluded that the authority conferred by this statute prevailed over any contrary provisions of a collective bargaining agreement. *Id.* at 621, 480 N.W.2d at

502.[4]

These statutes and case law lead us to conclude that the order entered by the Manitowoc county circuit judges is a valid exercise of their statutory powers.

*By the Court.*—Judgment affirmed.

---

[4]The union also contends that the order's final provision that the register in probate is not a municipal employee is beyond the judges' powers. Since we have held that the judges have the statutory authority to name the register in probate and to prescribe the duties recited in the order, it follows that the register in probate is a managerial—not a municipal—employee. What renders the order valid are the preceding provisions of the order—not this final conclusionary statement.